REBECCA McGARVEY

v.

HARVEY DARNALL et al.

*Filed at Springfield November 1, 1890.*

134   367
63a 540
134   367
167   51
67a 422
134   367
173   389
134   367
174   57
134     367
f189 ¹ 21
134     367
97a ¹276

1. ADMINISTRATION OF ESTATES—*administration in different States—judgment in one State as evidence in another.* Where administration is granted in different States to different persons, in respect to the same estate, there is no privity between the several administrators. Therefore, a judgment against the administrator in one State is not competent testimony to show a right of action against either a domiciliary or an ancillary administrator in another State, so as to affect assets in such other State.

2. In a proceeding for the partition of land in this State, one of the defendants, by cross-bill, set up the allowance of a claim in his favor against the estate of the deceased ancestor in the State of Iowa, the residence of the decedent at his death, and asked to have such judgment paid out of the proceeds of the land in case of a sale, but made no proof of the justness of the claim, other than the production of the judgment of allowance in Iowa: *Held,* that the cross-bill was properly dismissed for want of proof of the claim, and that the judgment of the Iowa court was not evidence against the heirs of the intestate.

3. SAME—*sale of land to pay debts—prior allowance of claim—how far conclusive upon the heirs—and herein, of a judgment in another State.* On application to sell lands for the payment of a claim allowed against an estate, such judgment of allowance, even if recovered in the State or jurisdiction where the lands are situate, is not conclusive on the heir, but is only *prima facie* a charge on real estate. But a judgment recovered in another State, allowing a claim against an estate, is not competent evidence to show even *prima facie* the validity of such claim, for the purpose of subjecting real estate of the intestate in this State to its payment.

4. While there is privity between the administrator and the heir in respect to personal estate left by the intestate, yet in respect of the realty of which such intestate died seized there is no privity.

5. Under the statute giving the heirs a right to contest a claim against the estate, the adjudication of the court in allowing a claim is held to be only *prima facie* binding upon the heirs, although they may have neglected to avail themselves of the right to contest its allowance in the county court in the first instance.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

This was a bill in chancery, filed August 21, 1883, by Harvey Darnall and Agnes Darnall, against appellant and the other heirs of Amelia Darnall, who died on the 18th day of February, 1883, intestate, in Henry county, Iowa, where she then resided, for the partition of certain lands in Sangamon county, Illinois, of which she was seized at the time of her death. Appellant answered, and also filed a cross-bill, averring that letters of administration were duly granted upon the estate of said Amelia Darnall by the proper court in Henry county, Iowa; that on September 18, 1883, she filed in that court a claim against the said estate, and obtained judgment thereon for $2545 and costs, which judgment, on appeal by the administrator, was affirmed by the Supreme Court of that State, and is in full force and wholly unpaid; that said decedent left no personal property whatever, nor any real estate except the lands described in the petition, and praying that if said lands can not be partitioned, and have to be sold, the court decree the payment, out of the proceeds, of her said judgment, with interest and costs.

It was shown that Amelia Darnall left no personal estate in Iowa, except $400. in worthless promissory notes, nor' any in Illinois, except one bed and one bureau, the value of which does not appear; that letters of administration were granted to the petitioner, Harvey Darnall, by the county court of said Sangamon county, but not until the 11th of November, 1884; that no claim has been filed in said court or presented to the administrator here, and that appellant is the only claimant, as creditor, against the said estate.

On final hearing in the Sangamon circuit court a decree was rendered dismissing the cross-bill and ordering partition as prayed for in the original bill. That decree was affirmed

in the Appellate Court, and the cause then brought here by this appeal.

Mr. CHARLES A. KEYES, for the appellant:

It seems to be settled that a judgment against an administrator appointed in one State is not evidence of an indebtedness as against an administrator of the same estate appointed in another. *Judy* v. *Kelley,* 11 Ill. 211; *Rosenthal* v. *Renick,* 44 id. 202; *Stacey* v. *Thrasher,* 6 How. 44; *McLean* v. *Meek,* 18 id. 16.

It can affect no property of the decedent in another State, however or by whomsoever held, either directly or indirectly, as evidence of a claim or cause of action. *Low* v. *Bartlett,* 8 Allen, 259.

The Iowa judgment established appellant's demand against the estate of Darnall, not only in Iowa, but in every State in the Union. The claim is legally authenticated as against the decedent's estate, so as to entitle it to payment and satisfaction, though put to judgment in a different State than that of the administration. *McElmoyle* v. *Cohen,* 13 Pet. 312; *Cutright* v. *Standford,* 81 Ill. 240.

The Iowa judgment was *prima facie* evidence against the heirs-at-law. *Stone* v. *Wood,* 16 Ill. 182; *Mason* v. *Bair,* 33 id. 206; *Lapton* v. *Janey,* 13 Pet. 385; *Hopkins* v. *McCann,* 19 Ill. 113; *Goeppner* v. *Leitzelmann,* 98 id. 414.

The act of Congress of 1790 extends to proceedings of a probate court. *Case* v. *McGee,* 8 Md. 9; *Houze* v. *Houze,* 16 Texas, 598; *Melvin* v. *Lyons,* 18 Miss. (10 S. & M.) 78.

It extends to any proceedings in another State which, by the laws, practice and usage of that State, is entitled to the faith and credit of a judgment. *Taylor* v. *Runyan,* 9 Iowa, 522.

Mr. ROBERT MATHENY, for the appellees:

If letters of administration are granted in different States to different persons, there is no privity between them, and a

24—134 ILL.

judgment against one will furnish no cause of action against the other. Freeman on Judgments, sec. 163; *Judy* v. *Kelley*, 11 Ill. 211; *Rosenthal* v. *Renick*, 44 id. 202; *Low* v. *Bartlett*, 8 Allen, 259; *Ela* v. *Edwards*, 13 id. 48.

Mr. Justice Baker delivered the opinion of the Court:

It was incumbent upon appellant to establish the case made by her cross-bill, by showing, at least *prima facie,* that the estate of Amelia Darnall, deceased, was justly indebted to her in the sum claimed, $2545, or in some other amount. This she did not attempt to do, otherwise than by offering in evidence the record of a judgment for said sum of $2545, recovered by her in the circuit court of Henry county, Iowa, against A. Roads, the administrator appointed in that State.

The doctrine is well settled, that if letters of administration are granted in different States to different persons, in respect to estate left by the same deceased person, there is no privity between such administrators, and that therefore a judgment against the administrator in one State is not competent testimony to show a right of action against either a domiciliary or ancillary administrator in another State, or to affect assets in such other State. Story on Conflict of Laws, sec. 522; Freeman on Judgments, sec. 163; *Judy et al.* v. *Kelley*, 11 Ill. 211; *Rosenthal* v. *Renick et al.* 44 id. 202; *Ela* v. *Edwards,* 13 Allen, 48; *Stacy* v. *Thrasher,* 6 How. 44; *McLean* v. *Meek,* 18 id. 16. While there is privity between the administrator and the heir in respect to personal estate left by the intestate, yet in respect to the realty of which such intestate died seized there is no privity. (*Stone et al.* v. *Wood,* 16 Ill. 177; *Hopkins et al.* v. *McCann,* 19 id. 113; Freeman on Judgments, *supra; Low* v. *Bartlett,* 8 Allen, 259.) Hence, when application is made to sell lands for the payment of a claim for which a judgment has been obtained against the administrator, such judgment, even if recovered in the State or jurisdiction where the lands are situate, is not binding and conclusive.

In the case at bar, the real estate sought to be subjected to the satisfaction of the claim of appellant is located in this State, and the judgment produced for the purpose of establishing the validity of such claim was rendered by a court of Iowa, and against an administrator who was appointed by a court of that State, and authorized to administer upon the property of the deceased within that State, only. The judgment was incompetent to show, even *prima facie*, the validity of the claim. (*Rosenthal* v. *Renick et al. supra; Low* v. *Bartlett, supra.*) Had the judgment for the demand of appellant been rendered by a county court of this State, and in due course of an administration under the authority and laws of this State, then it would have been competent evidence against the heirs, and would have established, *prima facie*, a charge upon the real estate in Sangamon county, or upon the proceeds to be derived from its sale.

Section 60 of chapter 3 of the Revised Statutes of 1874 provides, that when a claim is presented against an estate for allowance, if the executor, administrator, widow, heirs, or others interested in said estate, shall not object, the claimant shall be permitted to swear to his claim, but that if objection is made thereto then it shall not be allowed, without other sufficient evidence. In *Mason* v. *Bair*, 33 Ill. 194, this court, referring to this section, which was then a part of the Statute of Wills, said: "This section gives the heirs the right to be present and contest the justice of the claim. Having this right, the adjudication of the court in allowing the claim must be held *prima facie* binding upon the heirs, although they may have neglected to avail themselves of the right to contest its allowance." See, also, *Judy et al.* v. *Kelley, supra; Rosenthal* v. *Renick et al. supra; Hopkins et al.* v. *McCann, supra; Stone* v. *Wood, supra; Helm* v. *Cantrell,* 59 Ill. 524; *Gibson* v. *Gibson,* 82 id. 61; *Goeppner* v. *Leitzelmann,* 98 id. 409.

It is urged that the Iowa judgment had the same effect that an allowance in the county or probate court of this State would

have had to prove, *prima facie*, as against the heirs, the validity of the demand of appellant against the estate of the intestate in this State.    There are several reasons why this contention is not well founded.    We have already seen, that whether the judgment against the administrator is in a court of this State or in the court of another State, there is no privity between the administrator and the heirs in respect to realty, and there being no privity, it is only by virtue of the statute above referred to that the adjudication had and allowance made in a court of this State is the establishment, *prima facie*, of the justice of the claim, as against such heirs, in respect to real estate.    Besides this, such contention is inconsistent with the decisions of this and other courts, and we have been referred to no case where it has been held that the allowance of a claim against an administrator in one State is *prima facie* evidence against an heir or devisee in respect to realty in another State.    Moreover, that in regard to which the Iowa courts had jurisdiction to adjudicate, was the property in that State, and that only; and when they assumed to adjudicate that the demand of appellant was a just charge upon the estate of the deceased, such adjudication had reference solely to the property in that State, and was efficacious in respect to that property, only.    Besides this, it must be admitted that the allowance of the claim by that court, and against the administrator who derived his authority from a court of that State having probate jurisdiction, did not establish, even *prima facie*, the validity of such claim as against the administrator who derived his authority from the county court of this State, and who was appointed to administer upon all property of the intestate which was located in this State; and it would be anomalous and unreasonable to hold, that a court of another State could render a judgment which, while it was ineffectual to charge personal property of the intestate within this State, would be effective to impose a burden upon real property located here.    Such a conclusion could only be reached

upon the theory there was privity between the Iowa administrator and the heirs; but, as we have already seen, the only privity between them was in respect to the personal property in Iowa. It is quite usual for a person to own property, both real and personal, in many different States, and there may be administration in each one of such States. If the allowance of a claim in any one of these States afforded evidence to establish charges against the property in all the other States, it would, as may readily be seen, be productive of fraud. The rule contended for would render precarious the title of heirs to the lands inherited by them, and, by shifting the burden of proof, would impose upon them the unreasonable and difficult task of producing testimony to show the injustice of judgments rendered without notice to them, and in States other than that of their domicile.

It is further insisted, that the transcript of the Iowa judgment is duly authenticated and certified as required by the act of Congress, and that it is therefore, under the Federal constitution and the provisions of said act, entitled to full faith and credit. The correctness of this proposition must be admitted, but it has no application to the case in hand. The transcript shows a valid judgment against the administrator appointed under the laws of Iowa to administer upon the assets of the intestate within that State, but, *non constat*, that it proves or tends to prove a valid claim against the heirs of the intestate residing in this State, in respect to the lands inherited by them from such intestate.

The circuit court properly refused to admit the transcript of the Iowa judgment in evidence, and committed no error when it dismissed the cross-bill of appellant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*