## Edward O. Smith et al. v. Sarah L. Knox Goodrich, etc.

1. DEEDS—*Deposit of, in Escrow to Secure Payment of Note—Rights of the Parties.*—A deed was deposited in escrow with the understanding that it should not be delivered until a note for the balance of the purchase price of the land therein described was paid. *Held,* that such condition was for the security of the payee of the note, and that he might order that the deed be delivered at any time without payment of the note, or transfer the note to any one, and deliver the deed, if the holder of the note consented such course might be taken.

2. FILING—*What Amounts to.*—The delivery of a claim to a county clerk for the purpose of exhibiting it as a claim against an estate, constitutes filing and exhibition thereof to the court, though the clerk may neglect to note the fact upon the claim.

3. PRACTICE—*When Objection to Jurisdiction of Equity Can Not be Raised on Appeal.*—The decree of a court of chancery rendered in a case involving the affairs of an estate, which was fully litigated by the parties without objection to the jurisdiction, can not be held for naught in a court of review, upon the ground that the court had no power to hear and determine the matter.

**Bill for Partition.**—Intervening petition. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

BUNN & PARK and W. C. OUTTEN, attorneys for appellants.

W. C. JOHNS, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Under a decree entered in a proceeding in chancery for the partition of the real estate of one E. O. Smith, deceased, to which proceeding the heirs of said deceased were parties, the master in chancery sold certain of such realty and had in his hands funds arising from the sale.

The Circuit Court on the petition of appellee entered an order directing the master to appropriate a portion of such

funds to the payment of a claim held against the deceased by the appellee. This appeal questions the correctness of this order.

Appellee's claim is based upon a note executed by said E. O. Smith, deceased, to John C. and Edward Coleman for $2,500, being the unpaid balance of the purchase price of a lot in San Jose, Cal. The note and a deed executed by the Colemans conveying the lot to the deceased, were deposited with one Williams in California with the understanding the deed should not be delivered until the note had been paid. Said E. O. Smith, deceased, and Kathereyne S. Smith, his wife, entered into the possession of the lot; he built a residence thereon and they occupied it as, and it became, and was, at the time of his death, their homestead under the laws of the State of California.

After his death, the appellee, who it is claimed was acting at the instance of and collusively with the widow of E. O. Smith, paid the amount due on the note and it was assigned by the Colemans to her. At the same time the deed for the lot was surrendered by the depositary in escrow and spread of record in the proper office in California. The premises were then, by virtue of proper proceedings under the laws of that State, relating to homesteads, set off in fee to the widow of said deceased as her homestead. Judgment was entered on the note against the estate in favor of appellee in the Probate Court in Santa Clara county in California, but aside from the homestead property before mentioned, there was not sufficient assets in that State to pay the judgment. The appellee thereupon sought to have property in Illinois, of which the deceased was the owner at the time of his death, applied to the satisfaction thereof. The administrator in Illinois had not funds to pay it, and therefore appellee applied to the Circuit Court for an order upon the master.

The condition of the deposit of the deed in escrow, that it should not be delivered until the note had been paid, was solely for the security of the Colemans, and it was entirely competent for them to order the deed to be delivered at

any time without payment of the note, or to transfer the note to any one and deliver the deed, if the holder of the note consented such course might be taken.

Had the deed to the lot been delivered and the note secured by mortgage, clearly, it would have been lawful for the administrator to have treated the indebtedness, evidenced by the note, as in nowise different from other claims against the estate, and to pay it out of the assets if presented for payment and allowed, and this would have been true whether the mortgagee or his assignee held and presented the note, and also though its payment released the lien of the mortgage and left the homestead property free from incumbrance.

The arrangement whereby the deed was deposited in escrow created an equitable mortgage or lien upon the lot, and the situation and rights of the parties hereto were the same as they would have been had a mortgage to secure the notes been executed by the deceased in due form of law. The purchaser of the note was not more bound by any rule of law or equity to rely first upon and enforce his equitable lien than he would have been to enforce the lien of the mortgage, had such security been given.

The contention the appellee was bound to carry out the conditions of the escrow by leaving the note on deposit with the deed until the note should be paid is not tenable. As before remarked, this condition was for the benefit and security of the holders of the note. They had full right so far as the heirs of the deceased were concerned (and the interests of the creditors are not here involved), to surrender this special security and rely upon the general assets for payment. So far as the heirs are concerned the widow was entitled to have the homestead free from indebtedness incurred in purchasing or making improvements upon it, if the assets of the estate of the husband were sufficient to discharge such indebtedness.

Appellee's claim was delivered to the county clerk of Macon county, Illinois (being the county in Illinois wherein administration on the estate of the deceased was pending),

within the time required by the statute, and at the same time the claims of other persons against the estate were also delivered to said clerk.

These claims were inclosed in one wrapper and the clerk placed his file mark upon the wrapper only. The delivery of the claim to the county clerk was for the purpose of exhibiting it as a claim against the estate, and such delivery constituted "filing" the claim with the clerk and an exhibition thereof to the court, although the clerk may have neglected to note the fact in writing upon the claim. Moreover, the notation by the clerk on the wrapper which inclosed this and other claims, might very properly be held to be a filing of each of the claims.

The jurisdiction of the Circuit Court in chancery sitting to adjudicate upon and direct payment of the claim can not be raised in this court for the first time. Jurisdiction of the administration of estates was originally in courts of equity, but in this State, in view of the creation by statute of courts of probate, it has become the practice, amounting almost to a rule in courts in chancery, not to assume to exercise such jurisdiction except in cases when the power of the courts of probate is inadequate.

But the decree of a court of chancery rendered in a case involving the affairs of an estate which was fully litigated by the parties and without objection to the forum can not be held for naught in a court of review upon the ground the court had not power and jurisdiction to hear and determine the matter. It is argued the jurisdiction of the court is raised by certain averments in the answer to the petition of appellees.

The averments referred to are only to the effect the claim is inequitable and barred, because not exhibited within the time limited by the provisions of the statute. Nothing otherwise in the record indicates the appellants question the power of the court to hear and determine its contention.

The only objection pointed out in the brief to the admissibility of testimony received by the court in support of the claim is that it was incompetent under the ruling of the

Supreme Court in McGarvey v. Darnell, 134 Ill. 367. In that case it was ruled the transcript of a judgment of the Probate Court of another State allowing a claim against an administrator in that State was not competent to establish the claim exhibited against an administrator appointed in and under the laws of this State to administer upon assets here.

In the case at bar the note of the deceased was produced in evidence, and it and the transcript of the judgment rendered in the court in California constituted the evidence of the right of appellee to recover.

We think the decree is right upon the merits and the record free from error. Decree affirmed.