Edward O. Smith *et al.*

*v.*

Sarah L. Knox Goodrich.

*Filed at Springfield April 3, 1897—Rehearing denied June 2, 1897.*

1. Bills and notes—*when leaving note in escrow does not affect the maker's liability.* The fact that a deed, and a note evidencing the consideration therefor, are placed in a third party's hands under an agreement that the deed is not to be delivered until the note is paid, does not change the liability of the maker of the note upon that instrument.

2. Same—*note given for purchase money on land is a liability against other property also.* A note evidencing the consideration for a deed to certain property is not a liability as against such property only, but may be enforced by the holder or his assigns against any property of the maker not exempt.

3. Escrow—*party for whose benefit deed is placed in escrow may waive advantage of same.* Where a deed, and a note evidencing the consideration therefor, are placed in escrow under an agreement that the deed is not to be delivered until the note is paid, the true holder of the note or his assignee may waive the advantage of the escrow and allow the deed to be delivered after the grantee's death, without notice to his heirs.

4. Executors and administrators—*allowance of claim against foreign administration creates no liability on administration here.* Where

an intestate leaves property in this and another State, and independent administrators are appointed in each, the mere allowance of a claim against the foreign administration creates no liability on the administration in this State.

5. SAME—*when claim allowed against foreign administrator is not sufficiently presented here.* The filing of a transcript of a judgment allowing a note against a foreign administration, together with the note itself, with the county clerk in the county where the administration in this State is located, but without an affidavit of the validity of the claim or the amount due thereon, is not a sufficient presentation of the claim to charge the administration here.

6. EQUITY—*resort cannot be had to equity when remedy exists at law.* The holder of an intestate's note cannot maintain an intervening petition to reach a fund realized from a sale of the intestate's real estate which is in the hands of the master for distribution, where no judgment at law has been obtained upon the note.

7. PRACTICE—*filing envelope containing papers is a sufficient filing of its contents.* The placing of a file-mark by a clerk of court upon an envelope containing papers sent to him for filing is a sufficient filing of the papers contained therein.

*Smith* v. *Goodrich,* 67 Ill. App. 418, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

On the 12th day of November, 1888, Edward O. Smith purchased from John C. and Edward Coleman a lot in San Jose, Cal., for which he executed his note for $4500. At the time of the purchase the grantors executed a deed and the grantee executed his note. The deed and note were left with E. Williams, with a distinct agreement that the deed was not to be delivered until the note was paid. The purchaser moved a house onto the lots, which he occupied as a homestead. By payments on the note it was, prior to March 8, 1892, reduced to $2500, and on the last mentioned date Edward O. Smith died in California, intestate, leaving surviving his widow, Katherine, and sons and daughters by a former wife. At the time of his death he was the owner of his homestead and certain personal property in the State of California, and was

also the owner of valuable real estate in Macon county, Illinois.   On April 1, 1892, the widow was appointed administratrix in California, and David S. Shellabarger was appointed in Macon county on May 16, 1892.   After the death of the intestate, at the request of the widow, the administratrix, the appellee purchased the note of the payees, and it was endorsed without recourse and transferred to her long after it was due.   After the purchase of the note by appellee it was delivered to her or her attorney, and the deed was delivered to the widow or her agent or attorney.   Afterward such proceedings were had in the Superior Court of Santa Clara county, Cal., that the dwelling house and the improvements were set apart to the widow in fee as a homestead, and at the time were worth from $10,000 to $12,000.

The claim of appellee on this note was filed, approved and allowed against the estate of the intestate in the county where he died, in California, and there being no sufficient personal property to pay debts, a transcript was made, authenticated, and with other claims sent to the county clerk of Macon county, Ill., within the time required by the statute.   These claims were enclosed in one wrapper, and the clerk placed his file-mark upon the wrapper only.   The claim was never allowed in the probate court of Macon county.

Certain proceedings were instituted by the heirs of Edward O. Smith in the circuit court of Macon county for partition, etc., of the lands, and dower was assigned and partition made of certain lands and sale of others decreed.   A large sum of money came to the hands of the master, and appellee filed an intervening petition on the coming in of the master's report of sale, and asked that there should be paid her the amount of her claim on the balance due on the Coleman note in the final distribution, and insisting the administration in this State is ancillary to that in California, and that there were not sufficient funds in the hands of the administrator in that State to

pay her claim, and that there is no personal property. The heirs answered and set up the facts as to the escrow, and claimed there was collusion between the widow and the appellee, and denied the purchase of the note, and urged that until the payment of the note the deed could not be delivered, and that appellee could only have relief by proceeding against this property in California. The answer then states the manner of filing the claim, and denies that there was any affidavit filed of the justice of the claim or the amount due, and denies that it had ever been allowed, etc.   On hearing in the circuit court a decree was entered for the relief prayed, and on appeal to the Appellate Court for the Third District that decree was affirmed.   An appeal is prosecuted to this court.

BUNN & PARK, and W. C. OUTTEN, for appellants.

W. C. JOHNS, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The placing the deed and note in the hands of Williams, with an agreement that the deed should not be delivered until the note was paid, did not change the liability of the maker of the note thereon.   The note was his contract, and if not paid when due the lawful holder thereof might sue on the note, and after judgment with *fi. fa.* levy on the property for which it evidenced the consideration, or on other property.   Such right might exist in favor of the payee or his assignee.   The note could not by the maker or his heirs be held and considered as a liability against the land purchased, only, but is a contract for the payment of a sum certain and determinate at a specified time.   As such it may, as against the maker or his heirs, be enforced and his property not exempt held liable to levy and sale.   The holder of the note, who for his own benefit had the deed and note placed as an escrow, had a right to waive the advantage

167—4

he had by the retention of the deed, and allow it to be delivered. The assignee of the note had the same right. Although the purchase of the note by appellee was at the request of the widow, the right to purchase existed and a valuable consideration was paid therefor, and appellee acquired all the rights of the payee. Between the holder or assignee and the maker or his administratrix an agreement might be made by which one took the deed and the other the note from the person who held them as an escrow, and each would have the benefit of his contract rights the same as if never placed in escrow, but delivered, respectively, at the time of their execution. The heirs had no right to object to such an agreement between the holder of the note and the administratrix of the grantor, neither were they entitled to notice of such proposed agreement and change. The defense made by the appellants that they were entitled to notice of the change, and their claim that the note must be enforced against the property for which the note and the deed were left as an escrow, cannot be sustained.

The note was filed and allowed as a claim against the estate of the maker thereof in the Superior Court of Santa Clara county, Cal., and a transcript of this, with other claims, placed in an envelope and sent to the county clerk of Macon county, Ill., where the intestate owned valuable lands and lots. No affidavit of the amount due or of the validity of the claim was filed therewith. The filing of the envelope containing the transcript must be held a filing of the transcript.

This was not a presentation of the claim such as required by section 60 of chapter 3 of the Revised Statutes of Illinois, which requires the claim to be sworn to when presented on the day of adjustment, if no objection be made thereto before it shall be allowed. Neither was it in compliance with section 61 of the same chapter, which requires, where a claim is not presented on the day of adjustment, that unless the executor or administrator

waive process a summons shall issue, etc.   The claim in this case was not allowed by the county court of Macon county.   Its allowance by the Superior Court of Santa Clara county, Cal., against the administratrix there, did not create any liability against the administration or estate here.   Administration here by a different representation was not dependent on the administration in that jurisdiction.   There is no privity between the administrators.   A judgment against the administratrix in California is not competent evidence to show a right of action against either a domiciliary or ancillary administrator here, and cannot affect the assets of the estate here. (*McGarvey* v. *Darnall*, 134 Ill. 367, and authorities cited.) Neither does the filing of the transcript of that judgment, with the note on which it was based, with the county clerk of Macon county in this State, constitute a judgment, but, following the statute, the appellee had a complete remedy at law for procuring judgment on her claim, and with such judgment the administrator was vested with a power to sell lands to pay debts on a proper proceeding.   Without a judgment at law as provided for such cases she filed an intervening petition, and asked to have a part of the fund in the hands of the master, which was awaiting an order of distribution, paid to her. This proceeding seeks to reach the proceeds of real estate.   It is, in fact, a proceeding against the lands itself without a judgment at law, and is a resort to chancery on a simple contract indebtedness.   This cannot be done where the law provides a remedy.   (*McGarvey* v. *Darnall*, *supra.*)   The contention of appellee that a court of chancery has jurisdiction without reference to a judgment of the probate court allowing her claim cannot be sustained.

The decree of the circuit court of Macon county and the judgment of the Appellate Court for the Third District are each reversed and the cause is remanded, with directions to dismiss the intervening petition.

*Reversed and remanded.*