## Joseph Dickson, Jr., Administrator, Appellant, v. Millie Ann Fisher et al., Appellees.

1. Executors and administrators, § 577*—*when funds remaining in hands of ancillary administrator should be paid to domiciliary administrator.* Funds remaining in the hands of an ancillary administrator after the payment of all claims should be paid to the domiciliary administrator for distribution, especially where all of the heirs, devisees and legatees live in the State of the domicile, and it is no substantial objection to such transfer that the estate will be subjected thereby to the further payment of costs and commissions.

2. Executors and administrators, § 350*—*when order of Circuit Court on appeal as to disposition and distribution of funds of estate is not void because not final.* An order of the Circuit Court, entered on an appeal from the Probate Court, which directs the disposition of funds of an estate and that such funds be retained in another manner than the Probate Court had directed until further order of the latter court, and that the funds be distributed by a certain person when distribution should be ordered by the Probate Court, is not void as not being in effect a final order.

Appeal from the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded with directions. Opinion filed April 5, 1918. *Certiorari* denied by Supreme Court (making opinion final).

Keefe, Hadley & Baxter and Walter N. Davis, for appellant.

A. M. Frumberg and Warnock, Williamson & Burroughs, for appellee Millie Ann Fisher.

Mr. Justice Higbee delivered the opinion of the court.

This is an appeal from an order or decree rendered by the Circuit Court of Madison county, on appeal from an order made by the Probate Court of that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

county, concerning the distribution of $9,538.53 in the hands of appellee, Henry C. Gerke, administrator with the will annexed of the estate of Guy K. Fisher, deceased.

There is no controversy as to the facts, the case having been heard principally upon a stipulation of the facts. The deceased, Guy K. Fisher, died testate on January 29, 1915, at St. Louis, Missouri, of which city he was a resident at and prior to the time of his death. He left no child nor descendants of a child surviving him, but left as his only heirs at law his widow, Millie Ann Fisher, his mother, Jane M. Fisher, his brother, James E. Fisher and his two sisters, Mary L. Fassett and Rose M. Fisher, appellees here and all residents of the City of St. Louis. His will was admitted to probate in the Probate Court of the City of St. Louis and one Louis M. Steinberg was named as executor and qualified as such. The inventory and appraisement bill filed by him in the Probate Court of St. Louis showed the estate amounted in the aggregate to $101,138.67, consisting of notes, accounts, stocks, bonds, cash, merchandise and chattels, all located in St. Louis. The deceased also left an estate of about $10,000 in the City of Alton, Madison county, Illinois, consisting chiefly of one-half interest in a jewelry store in that city. Henry C. Gerke was appointed administrator with will annexed of the estate in Illinois. By the terms of the will of deceased his widow, Millie Ann Fisher, was to receive all his estate, real, personal and mixed, save bequests of one dollar each to his mother, brother, sisters and $1,500 to his mother-in-law, Mary L. Bronenkamp. By orders entered by the Probate Court of St. Louis, the executor had distributed to the widow, assets of the estate appraised at $59,527.60, and she had given him a refunding bond in the sum of $10,000. In October, 1915, the mother, brother and sisters of the deceased filed in the Circuit Court of the City of St. Louis their bill to

set aside the will. Upon the filing of this bill in accordance with the law of Missouri the authority of Louis M. Steinberg to serve as executor was suspended and the appellant, Joseph Dickson, Jr., was appointed administrator *pendente lite* of the estate and is now acting as such administrator. On the trial of the case to set aside the will, the Circuit Court of the City of St. Louis entered a decree sustaining the will and from that decree an appeal was taken to the Supreme Court of Missouri, where the cause is still pending.

Henry C. Gerke, administrator with the will annexed, fully administered the estate in Illinois, and, after the expiration of one year from his appointment, filed his final report showing a balance in his hands of $9,538.53 after payment of costs of administration and all debts owing by the estate in Illinois. In his report the administrator with the will annexed recited the history of the estate substantially as above stated, and asked the court to ascertain and direct to whom such balance should be paid. The widow of deceased appeared and requested that said balance be turned over to her as the principal legatee under the will. The administrator *pendente lite* asked that it be turned over to him as administrator of the domiciliary or principal administration. The Probate Court directed that one-half of the fund be paid to the widow, upon her executing and delivering to the administrator with the will annexed a refunding bond in the sum of $7,000, and that such administrator retain the other one-half of the fund until the further order of the court. Upon appeal to the Circuit Court that court directed the administrator with the will annexed to retain all the fund until the further order of the Probate Court, and that distribution, when finally ordered by the Probate Court, be made by the administrator with will annexed directly to the person or persons entitled to the fund. It was stipulated that in the event the will should be

set aside by the courts of Missouri under the law of Missouri, the widow of the deceased would receive one-half of the estate, and the other half would descend to the mother, brother and sisters.

This appeal was taken from the order of the Circuit Court by Joseph Dickson, Jr., administrator *pendente lite*. It is conceded by the parties that the administrator *pendente lite* in the City Court of St. Louis is the domiciliary or principal administrator and that the administrator with will annexed in the Probate Court of Madison county, Illinois, is the ancillary administrator, and also that whether distribution of the fund to the distributees be made by such domiciliary administrator or by the ancillary administrator it must be made according to the laws of Missouri, that is, according to the laws of the domiciliary administration. It is contended by appellant, first, that under the law and the stipulated facts the Circuit Court should have entered a final order directing this fund to be transferred to the appellant, as administrator of the domiciliary or principal administration; and second, that the order entered by the Circuit Court is void, as it practically reversed the Probate Court and remanded the matter to the Probate Court with directions, and the Circuit Court should have entered a final order directing the distribution of this fund.

Appellees contend that funds remaining in the hands of an ancillary administrator may or may not be ordered transferred to the domiciliary administrator as the court may deem proper in the exercise of a sound judicial discretion, according to the circumstances of each particular case; and further that as the record in this case shows practically all the debts in Missouri have been paid, and a large sum still remains in the hands of the domiciliary administrator, the court should, in the exercise of such discretion, have ordered the fund paid to the widow as principal legatee, as a transfer of it to the domiciliary adminis-

trator would subject the fund to the payment of further costs and commissions. Errors were assigned by appellant and cross errors by appellees raising the various questions respectively contended for. In support of their position counsel for appellees cite a great number of textbook·authorities and decisions of foreign States, but no decisions of the courts of Illinois. Under those authorities it appears to be the rule that it rests in the discretion of the court, whether to direct the ancillary administrator to pay the funds remaining in his hands, after payment of all claims, directly to the distributees or to the domiciliary administrator. Whatever the rule may be in other jurisdictions the courts of Illinois appear to have held to the doctrine that such funds should be paid to the domiciliary administrator for distribution. One of the earliest cases holding to that doctrine is the case of *Young v. Wittenmyre*, 123 Ill. 303. In that case Wittenmyre, a resident of Cook county, Illinois, died there intestate, leaving a widow and two children by a former marriage. The widow was appointed administratrix by the Probate Court of that county. The inventory filed by her showed the deceased owned real estate in Illinois, but not personal property. The widow's award as finally fixed and determined by the court was $1,030. The deceased owned considerable personal property in Appanoose county in the State of Iowa. Under the laws of that State the widow was also appointed administratrix of the estate by the Circuit Court of that county, and proceeded to settle up the estate in Iowa. After payment of all debts there remained in her hands the sum of $2,850, which she distributed between herself and the children and upon the final report was discharged by the court in Iowa. After her discharge in Iowa she filed in the Probate Court of Cook county, Illinois, her petition for an order to sell real estate to pay the widow's award and costs of administration. The prayer of the petition

was granted. On appeal to the Supreme Court, Justice Craig, in rendering the opinion of the court reversing the action of the Probate Court, said: "Here, if the personal assets in Iowa are to be taken into consideration, personal property which passed into the hands of the administratrix was ample to fully pay all just claims against the estate, and no satisfactory reason was shown, on the trial in the Probate Court, why the personal assets were not appropriated to the payment of debts until the debts were satisfied,—before a distribution was made between the heirs. As Cook county, in this State, was the residence of William Wittenmyre at the time of his death, the administration granted here was the principal administration, and the letters granted in Iowa were but an ancillary administration. (*Stevens v. Gaylord*, 11 Mass. 262.) It was no doubt the duty of the administratrix in Iowa to collect all debts due the estate there, and convert all assets within that jurisdiction into money, and from the money pay all debts established against the estate in that jurisdiction; but after the debts in Iowa had all been paid, and a large balance was left in the hands of the administratrix, she had no right whatever to distribute such balance among the heirs in Iowa, but, on the other hand, it was her duty to bring the balance into this State, in order that it might be disposed of under the authority of the court within whose jurisdiction the deceased had his domicile. The balance, whatever it was, should have been returned to the principal administration." This case is cited with approval in *Smith v. Smith*, 174 Ill. 52, but the doctrine is held to apply only to money or personalty or the proceeds of the sale of personalty, and not to apply to the proceeds resulting from the sale of real estate.

In *Ramsay v. Ramsay*, 196 Ill. 179, the facts briefly stated were, Rufus N. Ramsay, a resident of Clinton county, Illinois, died November 11, 1894. His son

E. P. Ramsay was appointed administrator by the County Court of that county. Claims aggregating $183,854.70 were presented and allowed against the estate, among them being one in favor of the widow, Mrs. Ramsay for $18,931.72 and one in favor of G. VanHoorebeke for $2,020.42. Decedent also owned one lot in the City of St. Louis, Missouri. An administrator was appointed by the Probate Court of St. Louis, and he proceeded to sell the city lot. Mrs. Ramsay and VanHoorebeke probated their claims in the court of St. Louis and received from the ancillary administrator there a payment equal to 12.44 per cent. of their claims. Later the domiciliary administrator presented a report to the County Court in Clinton county with a view of making a partial distribution of the estate among the claimants. Mrs. Ramsay and VanHoorebeke appeared and insisted they were entitled to receive full distributive shares of the assets reported by the administrator of Clinton county, without in any way being charged with the amounts received from the Missouri assets. On appeal the Circuit Court of Clinton county decided that the administrator should pay all claimants, except Mrs. Ramsay and VanHoorebeke, 12.44 per cent. on their claims, that being the amount already received by Mrs. Ramsay and VanHoorebeke on their claims from the ancillary administrator, and should then distribute the balance in his hands ratably among all claimants of the seventh class. The Supreme Court in affirming that decision said: ''Upon the death of a person intestate, leaving assets in different States or countries, the administration in the domicile of the deceased is the principal administration through which, in contemplation of law, assets are to be distributed in payment of his debts. (*Young v. Wittenmyre*, 123 Ill. 303.) Administration in other States or jurisdictions must be held in order to collect the debts and reduce the assets into money, which are known as ancillary

or auxiliary administrations. In the absence of statutory provision it is the duty of the auxiliary administrators to collect the assets, reduce them to money and transmit them to the principal administrator, or they may, under certain circumstances, pay claims probated there, transmitting only what remains in their hands to the principal administrator.'' The case of *Young v. Wittenmyre, supra,* is also cited with approval in other cases as late as *Dickinson v. Belden,* 268 Ill. 105 (113), in support of the doctrine that: ''The place for final accounting and settlement is in the forum of the principal or original administration.'' Under these authorities it appears that the courts of this State have clearly adopted the doctrine that funds remaining in the hands of an ancillary administrator after the payment of all debts must be transferred to the domiciliary administrator for final distribution.

Under the facts in this case, however, we are of opinion that even though it were a matter in the discretion of the court the funds in question should have been transmitted to the domiciliary administrator in Missouri. All the heirs, devisees and legatees lived in Missouri, all the creditors in Illinois had been paid, no resident of Illinois was longer interested in the estate and such action would have avoided any present or future complications. The fact that the transfer of the funds would have resulted in subjecting them to a further payment of costs and commissions is not to be considered as a substantial objection to such an order as costs of administration are but an incident to the right of succession to property by descent and the commissions can be regulated by the court of the principal administration so that they will be commensurate with the services rendered in the collection and distribution of the fund in that court and shall not prove to be an unjust burden upon the estate. We do not agree with the contention of appellant that the order of the Circuit Court was void

because it was not in effect a final order, but we are in accord with his contention that, under the circumstances in this case, such court should have rendered an order directing the final disposition of the fund in question. For the reasons above stated the judgment will be reversed and the cause remanded with directions to the Circuit Court to enter an order against Henry C. Gerke, administrator with the will annexed, to pay over the funds of the administration in his hands to Joseph Dickson, Jr., administrator *pendente lite* by appointment of the Probate Court of St. Louis, Missouri.

*Reversed and remanded with directions.*