240

In re Estate of Reata J. Maxton, Deceased.
Margaret Felts, Administrator of Estate of Reata J.
Maxton, Deceased, Petitioner, v. Ben H. Brown,
Public Administrator of Los Angeles County, Cali-
fornia, Administrator of Estate of Reata J. Max-
ton, Deceased et al., Objectors, and Perry B. Ellis
et al., Defendants.

Term No. 48M1.

Opinion filed September 29, 1948. Re-
leased for publication October 28, 1948.

R. W. HARRIS, of Marion, for appellants.

EDMUND P. KELLY, of Chicago, and POPE & DRIEMEYER, of East St. Louis, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Jackson county, Illinois, entered on September 17, 1945, which said judgment is, as follows:

"(A) That the written motion for judgment filed herein by Ben H. Brown, public administrator of the county of Los Angeles, California, as administrator of the estate of Reata J. Maxton, deceased, and filed herein on June 23, 1947, be and the same is hereby allowed.

"(B) That the judgment and order of the county court, in probate, of Jackson county, Illinois, which provides, 'That said Margaret Felts, administrator of the estate of Reata J. Maxton, deceased, pay to Ben H. Brown, public administrator of the county of Los Angeles, California, as administrator of the estate of Reata J. Maxton, deceased, the sum of $4,221.10, the same being the remainder of the assets of the estate of Reata J. Maxton, deceased, remaining in her hands,' be and the same is hereby affirmed.

"(C) That Margaret Felts, as administrator of the estate of Reata J. Maxton, deceased, be and she is hereby authorized and directed to pay to Ben H. Brown, public administrator of the county of Los Angeles, California, as administrator of the estate of Reata H. Maxton, deceased, the sum of $4,221.10, the same being the remainder of the assets of the estate of Reata J. Maxton, deceased, remaining in her hands."

The factual situation giving rise to this litigation is not in dispute, and from it it appears that Reata J. Maxton died a resident of Los Angeles county, California, on August 20, 1945, leaving as her only property in Illinois, bank deposits in the Carbondale Na

tional Bank, in Carbondale, Illinois, in the total amount of $5,362.55. It appears that administration was begun upon her estate in the superior court of Los Angeles county, California, and that on September 20, 1945, Ben H. Brown, public administrator of Los Angeles county (hereinafter called the domiciliary administrator), was appointed by that court as administrator of the estate of Reata J. Maxton, deceased, and has at all times since been the duly qualified and acting domiciliary administrator of the said estate. It further appears that on September 17, 1945, Margaret Felts (hereinafter called the ancillary administrator) was appointed ancillary administrator of the estate of Reata J. Maxton, deceased, by the county court, in probate, of Jackson county, Illinois, and since that date has been the duly qualified and acting ancillary administrator of said estate.

Prior to the hearing held on the ancillary administrator's final report and account, the domiciliary administrator filed his petition in the county court, in probate, of Jackson county, Illinois, for the remission of the assets remaining in the ancillary administrator's hands. The heirs of James Maxton, predeceased husband of Reata J. Maxton (hereinafter called the James Maxton heirs) who, under the laws of the State of California, are entitled to participate in the distribution of the assets of this estate, filed objections to the final report and account of the ancillary administrator, and requested that she be ordered to turn over the assets remaining in her hands, to the domiciliary administrator. The appellants here, the Reata J. Maxton heirs (hereinafter called appellants), filed an answer by which they requested that the assets remaining in the ancillary administrator's hands, be distributed directly to them, and not paid over to the domiciliary administrator, unless the ancillary administrator should be ordered "to do so by the court."

A hearing was held upon the domiciliary administrator's petition, the final report and account, and the

objections and answer filed thereto, following which the report and account were approved and the ancillary administrator was ordered by the Jackson county court, in probate, to pay to the domiciliary administrator the sum of $4,221.10, being all of the assets of the estate of Reata J. Maxton remaining in her hands. The appellants appealed to the circuit court of Jackson county from so much of the order of the county court directing such payment. Upon a hearing on the appeal in the circuit court of Jackson county, the order hereinbefore set forth, was entered. Appellants have appealed to this court from that judgment.

It is contended in this court that the circuit court of Jackson county committed error in requiring the ancillary administrator in Illinois to remit the balance of the money in her hands, belonging to the estate of Reata J. Maxton, deceased, to the domiciliary administrator in California, and that the court should have directed the ancillary administrator to make distribution of the funds in her hands, in the sum of $4,221.10, to the Illinois distributees, Perry B. Ellis, as conservator of the estate of Laura James, an incompetent person, and Earl James, surviving heirs at law of Reata J. Maxton, deceased.

It appears to be the well-settled law in this State that the administration granted in the state of a decedent's domicile at the time of his death, is the principal administration, and that granted in any other State is an ancillary administration (*Smith v. Smith,* 174 Ill. 52, 57). It seems to be equally well settled that it is the duty of the ancillary administrator to transmit to the domiciliary administrator whatever balance remains after payment of debts and claims presented in the ancillary administration proceedings (*Kelly v. Dyer,* 359 Ill. 46, 52; *Ramsey v. Ramsey,* 196 Ill. 179, 187; *Headen v. Cohn,* 292 Ill. 210, 214).

The fact that a transfer of the assets from the ancillary estate to the domiciliary estate will re-

sult in further payment of costs and commissions is not a valid objection to the entry of an order requiring such transfer (*Dickson v. Fisher,* 211 Ill. App. 45, 49).

The judgment of the circuit court of Jackson county, being in complete harmony with the law of the State of Illinois, the same is hereby affirmed.

*Affirmed.*

BARDENS and SCHEINEMAN, JJ., concur.