ROBERT M. HAMILTON, Exr.

*v.*

MARY V. DOWNER *et al.*

*Filed at Ottawa October 29, 1894.*

1. TRUSTS—*promise to pay out of specified property does not create.* A promise by a debtor to pay his creditor out of specified property will not make the debtor a trustee of such property for the use of the creditor.

2. SAME—*indefinite expressions will not raise.* Casual and indefinite expressions of mere inchoate intentions, not carried into effect, are insufficient to raise a trust.

3. SAME—*application of the rule.* A devisee of property wrote letters to a creditor of the devisee's testate, recognizing the right of such creditor to resort to the devised property, expressing a desire to dispose of the property so as to pay the debt, and using other like expressions: *Held*, insufficient to manifest and prove a trust in the devised property, even though the creditor, because thereof, withheld the claim from probate until the statute had run.

4. CHANCERY PRACTICE—*oyer not allowed in chancery.* The practice of allowing oyer is unknown in chancery, but the improper allowance of it under the facts of this case is not such error as to reverse the decree.

5. STATUTE OF FRAUDS—*when availed of on demurrer.* The defense of the Statute of Frauds, against an oral contract to convey land, can be made on demurrer only when it affirmatively appears from the bill that the agreement relied on is not evidenced by a writing signed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

The appellant, Robert M. Hamilton, as executor of Jane Downer, deceased, filed this bill of complaint against Mary V. Downer and John S. Buhrer. The object of the bill was to charge a certain freehold estate and a certain leasehold estate with a trust. The circuit court sustained a demurrer to the bill, and, appellant electing to stand by it, entered a decree dismissing it out of court.

Thereafter the Appellate Court affirmed the decree, and thereupon this further appeal was taken.

The material allegations of the bill are these : First, that on May 1, 1880, Samuel A. Downer made and delivered his promissory note for $8500, drawing six per cent interest per annum, to Jane Downer, his sister; second, that on March 3, 1885, Samuel A. Downer died testate, and the owner of certain real and personal property, and left Mary V. Downer, his widow, as his sole executrix and sole devisee and legatee ; third, that the principal of the $8500 note, and a large amount of accrued interest thereon, remain due and unpaid ; fourth, that said note was not probated or allowed against the estate of said Samuel A. Downer, deceased ; fifth, that adjudication was regularly made in the matter of said estate, and the executrix discharged on March 27, 1887 ; sixth, that John S. Buhrer is the son-in-law of Mary V. Downer, and acted as her agent in the transactions involved in the suit ; seventh, that in 1889 Mary V. Downer conveyed the freehold estate and the leasehold estate in question to John S. Buhrer, and that Buhrer paid no consideration whatever therefor, and had notice of the rights and equities of Jane Downer ; eighth, that the $8500 note was not filed for probate on account of certain representations and promises, upon which is based a claim that all the real estate of Samuel A. Downer, and its proceeds, are held by appellees in trust for the payment of the note.

The averments of the bill in regard to the trust are as follows : "And your orator further shows, that after the death of the said Samuel A. Downer, and after the appointment of the said Mary V. Downer as executrix, as aforesaid, and in order to induce the said Jane Downer to refrain from filing her said claim against said estate in the probate court of Cook county, the said Mary V. Downer, executrix and sole devisee, as aforesaid, and the said John S. Buhrer, as agent of the said Mary V. Downer, with the

knowledge and consent of the said Mary V. Downer, undertook and promised to the said Jane Downer, in writing, that she, the said Mary V. Downer, would pay the said claim of the said Jane Downer out of the estate of the said Samuel A. Downer, deceased, devised to her as aforesaid, or out of the proceeds of the sale thereof; that the said Jane Downer should have a voice in the matter of the disposition to be made of the property so held by the said Mary V. Downer, as aforesaid; that by reason of such undertaking and promise, the said Mary V. Downer took the property of the said estate devised to her as aforesaid, and holds the same, and the proceeds thereof, charged with a trust in favor of the said Jane Downer for the payment of the said claim of the said Jane Downer against the estate of the said Samuel A. Downer, deceased; that the said Jane Downer, having confidence in the said undertaking and promise of the said Mary V. Downer and John S. Buhrer, and relying thereon and upon said trust created in her favor, as aforesaid, refrained from filing her said claim in the probate court of Cook county until after the expiration of two years from the time when letters testamentary issued to the said Mary V. Downer, as aforesaid, whereby the said Jane Downer lost all remedy against the said estate of the said Samuel A. Downer, deceased; that the said Jane Downer so refrained from filing her said claim in the said probate court solely with intent and desire to enable the said Mary V. Downer to avoid making a forced sale of the property of the said estate, and thus to save for herself, the said Mary V. Downer, some portion of the said estate after the payment of the claim of the said Jane Downer, as aforesaid."

The court, upon motion of appellees, made an order requiring appellant to file a copy of the writing upon which the alleged trust was based. Appellant complied with the order by filing copies of certain letters, one written by Mary V. Downer and the others by John S. Buhrer,

and thereupon appellees craved oyer of the letters and writings, and incorporated them into the demurrer which they filed.

Messrs. SWIFT, CAMPBELL, JONES & MARTIN, for the appellant.

Messrs. ASHCRAFT & GORDON, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the court:

Three questions arise upon the record, and they are these : First, do the allegations of the bill, ignoring the letters set out in the demurrer, show a trust, and warrant equitable relief ; second, did the court, in requiring appellant to file copies of the letters and in allowing oyer and demurrer, commit such an error as should now reverse the decree ; and third, do the letters create a trust, or manifest and prove a trust. We will consider these questions in their order.

*First*—Immediately upon the death of Samuel A. Downer, the title to all the real estate of which he died seized vested in Mary V. Downer, the devisee under his will. The debt due Jane Downer was a charge upon it in the hands of Mary V. Downer. Jane Downer had a complete and ample remedy at law for the enforcement of such charge, by filing her claim in the probate court and having it allowed against the estate of the deceased. If it has ceased to be a charge through her failure to pursue in due time the remedy given by the statute, a court of equity will render her no assistance. *Blanchard* v. *Williamson,* 70 Ill. 647; *Harris* v. *Douglas,* 64 id. 466 ; *Armstrong et al.* v. *Cooper,* 11 id. 560 ; *Freeland* v. *Dazey,* 25 id. 266.

It is insisted, however, that an express trust was created that secures the payment of the $8500 note and interest, and that the subjects of the trust are the real estate that was devised by the testator, and its proceeds. If this be so, then, of course, a court of chancery is the proper forum in which to enforce such trust.

The averments of the bill are, in substance, that Mary V. Downer undertook and promised Jane Downer, in writing, that she, Mary V. Downer, would pay the said claim of Jane Downer out of the estate of Samuel A. Downer devised to her, or out of the proceeds of the sale thereof, and also promised that Jane Downer should have a voice in the matter of the disposition to be made of the property so devised. The demurrer admits that Mary V. Downer made such promises. The allegations amount to this : that Mary V. Downer promised to pay the note out of certain specified property owned by her, or out of the proceeds derived from a sale thereof, and that Jane Downer should be consulted when it was sold. When one simply makes a promise to pay his or her creditor out of his or her property, or a designated part of it, or out of the proceeds of the same, we do not understand that he or she becomes a trustee of such property for the use of such creditor, so that when the claim is barred by a statute of limitations, the property, or its proceeds, can be followed and the debt collected on the theory of a trust. There is nothing shown on the face of the bill that would have prevented Jane Downer, even if she desired to avail of the promise, from probating her claim. The averment simply is, that Mary V. Downer made the promise in order to induce Jane Downer to refrain from filing her claim against the estate in the probate court. The pleading is to be taken most strongly against the pleader. The averment merely states the motive that influenced Mary V. Downer in making the promise. This is wholly immaterial, as the motive which impelled her could not possibly have influenced Jane Downer in failing to file the claim. It is not alleged that the promise was made in consideration that Jane Downer would not exhibit her claim or on condition she would not exhibit it, or that the promise was that Mary V. Downer would pay the note out of the real estate or its proceeds if Jane would not file it.

We understand the rule to be, that casual and indefinite expressions of mere inchoate intentions, not carried into effect, are insufficient to raise a trust. (1 Perry on Trusts, sec. 77.) Our conclusion is, that the bill, upon its face, does not show a case to justify the interposition of a court of chancery.

*Second*—The practice of allowing oyer, and the setting out in the demurrer of the writing or writings of which oyer is craved, is unknown to the chancery practice. Section 1 of the act to regulate the practice in courts of chancery (1 Starr & Curtis' Stat. chap. 22,) provides, that where no provision otherwise is made by the statutes, the courts having jurisdiction as courts of chancery shall proceed "according to the general usage and practice of courts of equity;" and section 2 gives them power to establish rules of procedure and make needful orders and regulations, such rules, orders and regulations, however, to be "consistent with the practice of courts of chancery." (See *McClay* v. *Norris*, 4 Gilm. 370.) We have no authority to abrogate these statutory requirements, even if we felt inclined so to do. The practice, therefore, that obtained in that behalf in this suit in equity was improper, but, under the circumstances of the case, it is not reversible error. As we have already seen, the suit, without the letters, had no feet to stand on, and so the oyer and demurrer worked no injury to appellant. And besides this, although one of the assignments of error is that the court below granted oyer of writings, yet, as we understand counsel, this assignment is waived by appellant, inasmuch as he says in his brief that if the court can fully take into account the documents exhibited in the demurrer, and give to them the same effect as if they were in evidence or were set out in the bill, then appellant desires that they shall be so taken into account, and that thus a decision shall be rendered upon the present hearing which shall be as nearly a final decision as a decision upon a demurrer can ever be. The letters being treated, by consent of

both parties, as read into the bill by the oyer and demurrer, and the matter having been so regarded and considered by both the circuit court and the Appellate Court, we can see no serious objection to that course being pursued.

*Third*—This brings us to a consideration of the letters. There are some twenty-three of them.   One of them was written by Mary V. Downer, and the others by John S. Buhrer, "as her agent" and with her "knowledge and consent."   In respect to these latter, it is suggested by appellees that since there is nothing on the face of the bill to show whether Buhrer was authorized in writing, or not, and since the bill is to be taken most strongly against appellant, it must be presumed that the authority was a mere verbal authority, and within the Statute of Frauds. This claim is not well founded.   The benefit of the Statute of Frauds, as a defense, can be taken by demurrer only when it affirmatively appears from the bill that the agreement relied on is not evidenced by a writing duly signed.   (*Speyer* v. *Desjardins*, 144 Ill. 641.)   The case of *People* v. *Swigert*, 107 Ill. 494, is not here in point, since no question of the Statute of Frauds was there involved. For the purposes of the decision, then, we proceed upon the assumption that all the letters are out of the statute, and are to be regarded as the letters of Mary V. Downer.

It would require much space to set out the letters in full, or even give a synopsis of their contents.   The portions of them that are deemed material, and that are relied on by appellant, are quoted at length in the Appellate Court opinion.   (46 Ill. App. 542.)   Suffice it, then, to say, that we are of opinion that they do not make even as good a case for appellant as he alleges upon the face of his bill.   The substance of them seems to be, that appellees recognized the fact that Jane Downer had the right to resort to the property devised to Mary V. Downer in order to collect her debt; that they expressed the desire and the expectation that they would be able to so dispose of the property as to pay Jane Downer and the

other creditors of the testator in full; that they tried in vain to induce Jane Downer to take the Indiana avenue house and lot, worth $8000 or more, in settlement of her debt; that both that property and the store house on leased lots were frequently without tenants, and vacant; that considerable of the property was absorbed in the payment of taxes, ground rents, repairs, mortgages, interest, commissions and insurance, and debts of the testator, and in the support and maintenance of Mary V. Downer and her family. In our opinion, the letters do not manifest and prove a trust, and it is not fairly deducible therefrom that it was the intention of the parties to create a trust.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*