Fields vs. The Estate of Mundy.

FIELDS, Appellant, vs. THE ESTATE OF MUNDY, Respondent.

*March 20 — April 6, 1900.*

*Foreign judgments: Faith and credit: Limitations: Claims against decedents.*

1. The full faith and credit clause of the federal constitution, as regards the effect of judicial proceedings of one state in the courts of another, does not militate against the effect of a statute of limitations

of this state, as regards the remedy to enforce claims, whether based on judgments in the courts of another state or not.

2. A judgment allowing a claim against a deceased person in proceedings to settle his estate in a court of Minnesota, is affected the same as any other claim against the estate of such person in process of administration in a county court of this state, by sec. 3844, Stats. 1898, barring all claims against the estate if not filed within the time limited therefor under sec. 3840.

3. Sec. 3840, Stats. 1898, providing for a time limit to be fixed by the court for the filing of claims against the estate of a deceased person, and notice thereof to be given to all persons interested, if complied with by the fixing of such time and the giving of such notice, furnishes the exclusive remedy for the collection of such claims; and if they be not filed within the time so limited they will be barred by sec. 3844. Such sections admit of no exception on account of nonresidence of a claimant or the fact that his claim may have been allowed against the estate of the same person in a foreign jurisdiction.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

The last will and testament of Edwin V. Mundy was duly admitted to probate in the county court of Douglas county, Wisconsin, June 23, 1891, and in the probate court of St. Louis county, Minnesota, October 22, 1891. Thomas A. E. Weadock, the executor named in the will, was confirmed as such and letters testamentary issued to him by each of said courts. Such proceedings were duly had in the settlement of the estate in the Minnesota court that a claim was there duly allowed May 23, 1892, in favor of *Myron W. Fields,* the appellant, a resident of such state, for $1,790. All the assets within the jurisdiction of such court were exhausted without realizing anything to pay appellant's claim. Such proceedings were duly had in the Douglas county court that the time for filing claims against the estate there was fixed by an order of such court and due notice thereof given, according to the laws of this state, to all persons interested. After the time thus limited *Mr. Fields* filed his claim against

the estate in such court, basing the same on the allowance thereof in the Minnesota court. On the hearing on such claim it was rejected upon the ground that it was barred by the statute of limitations. Sec. 3844, Stats. 1898. The claimant appealed to the circuit court and on the trial there produced and introduced in evidence the proceedings of the Minnesota court allowing the claim. The circuit court affirmed the order of the Douglas county court, and the claimant appealed from the judgment thereupon rendered.

The cause was submitted for the appellant on the brief of *Reed & Reed,* and for the respondent on that of *Thomas A. E. Weadock,* executor, *in pro. per.*

MARSHALL, J. The vital question on this appeal is not whether the allowance of the appellant's claim in the Minnesota court was *res adjudicata* of its validity in the county court of Douglas county, under the full faith and credit clause of the federal constitution, as to the effect of the judicial proceedings of one state in the courts of another. Considerable learning on that subject is displayed in the brief of counsel for appellant, but we fail to see how it applies to this case. The sole question demanding consideration here is, Did the allowance of the claim in the Minnesota court give to it any different status as regards the statute of limitations (sec. 3844, Stats. 1898) upon the life of claims against estates of deceased persons in this state, than that of any other claim?

Such section provides that, "every person having a claim against a deceased person, proper to be allowed by the court, who shall not, after notice given as required by section 3840, exhibit his claim to the court within the time limited for that purpose, shall be forever barred from recovering such demand or from setting off the same in any action whatever." Sec. 3840 gives a remedy for the collection of claims against the estates of deceased persons and provides for a

time limit to be fixed for the filing of such claims in the county court, and for giving notice of such time to all parties interested.  The remedy thus provided is the sole remedy for the collection of claims against an estate in the courts of this state where notice has been given of the time limit for the filing of claims as therein provided.  *Price v. Dietrich,* 12 Wis. 626; *Lannon v. Hackett,* 49 Wis. 261.  It applies to nonresidents as well as residents.  *Carpenter v. Murphey,* 57 Wis. 541; *Austin v. Saveland's Estate,* 77 Wis. 108; *Winter v. Winter,* 101 Wis. 494.  And that, and sec. 3844 extinguishing claims, so far as enforcement thereof is concerned in the courts of this state, not filed as provided by sec. 3840, admit of no exception in favor of nonresidents.  *Winter v. Winter, supra.*

The statute itself is so plain, and the decisions of this court as well, that no room is left, as it seems, for the court to say otherwise than that the appellant's claim was barred by the laws of this state before it was filed with the county court of Douglas county.  The bar of the statute covers all claims, whether belonging to residents or nonresidents, whether put in judgment in a foreign court or in a court of this state before being filed in the probate proceedings.

This is not a case where the court has power to relieve the appellant from the effect of his negligence, ignorance, or mistake, in failing to file his claim in the county court of Douglas county within the time allowed by law.  The statutes left him no remedy, after the lapse of the time fixed by the county court for the filing of his claim.  Therefore his right, so far as this state is concerned, died with the lapse of the remedy to enforce it, and the persons interested in the estate of Mundy became thereby possessed of a vested right to insist upon the bar of the statute, which is within the protection of the constitution as a property right and that cannot be taken away from them by the court.  *Eingartner v. Illinois S. Co.* 103 Wis. 373.  The bar of the statute abso-

lutely extinguished the claim. It could not be waived by any failure to plead the statute in the county court (County Court Rule XIII, sec. 6), or by any act on the part of the executor.

From what has been said it is plain that the circuit court had no other course to pursue than to affirm the judgment of the county court, upon the ground that appellant no longer had a claim against the estate of Mundy that could be recognized in the courts of this state.

*By the Court.*—Judgment affirmed.