# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

ALEXANDER STRAUSS *et al.*

*v.*

THOMAS P. PHILLIPS, Admr. *et al.*

*Opinion filed February 20, 1901.*

1. EQUITY—*contract creditor cannot maintain bill to enforce payment of claim against estate.* A creditor cannot maintain a bill in equity to enforce payment of his claim against an estate until such claim has been allowed in the probate or county court, when, if any special reason that may be deemed sufficient can be assigned why the probate or county court cannot afford him the requisite relief, a court of equity will assist him, but not otherwise.

2. SAME—*when claimant is not entitled to file bill as a judgment creditor.* A creditor whose claim has been allowed against the estate of a deceased person in another State is not regarded as a judgment creditor in this State for the purpose of invoking the aid of a court of equity unless his claim has also been presented and allowed in this State.

3. SAME—*fact that time for proving claims has expired does not give equity jurisdiction.* The mere fact that the two years have expired within which the statute requires a claim to be filed against an estate does not justify the claim holder in resorting to a court of equity for relief.

4. SAME—*charge that claim allowed is fraudulent does not warrant interference of equity.* A charge that a claim allowed by the probate

or county court is fraudulent does not warrant interference by a court of equity, since the probate or county court possesses equitable powers in the matter of the settlement of estates, and would have power to set aside and disallow such claim if fraudulent.

5. SAME—*equity will not interfere because administrator improperly procured his appointment.* A charge that administrator appointed by the probate court fraudulently procured his appointment by representing that he was a creditor is not of itself sufficient to justify a court of equity in taking charge of the administration, since the probate court has full power, under the statute, to deal with such matter.

*Strauss* v. *Phillips*, 91 Ill. App. 373, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

The following is the statement of facts in this case made by the Appellate Court:

"The amended bill alleges that complainants are creditors of John Fitzgerald, deceased, to the extent of about $70,000.00; that the said Fitzgerald died in Lincoln, Nebraska, on the 30th day of December, 1894, intestate, and that letters of administration were granted to Mary Fitzgerald, his widow, defendant herein, as administratrix, in the county court of Lancaster county, Nebraska, in the forepart of the year 1895; that the claims of complainants were duly filed in the county court of Lancaster county, Nebraska, against Fitzgerald's estate; that the claim of complainants Lederer and Strauss have been allowed in that court against the estate and that the claims of the other complainants were pending; that the estate of John Fitzgerald in Nebraska is absolutely insolvent, and that John Fitzgerald, at the time of his death, was the owner of real estate in Cook county, Illinois, of the value of $50,000.00; that the defendant Mary Fitzgerald, as administratrix of the estate in Nebraska, did not inventory said Cook county lots in the schedule of property owned by the deceased; that complainants

had no notice that the estate owned such property until shortly before filing this bill; that it is provided by the statute laws of Nebraska that the administratrix of an estate shall inventory, within three months after her appointment, all property, real or personal, that has come to the possession or knowledge of the administratrix; that Mary Fitzgerald, as administratrix, did file such a schedule in the county court of Lancaster county, Nebraska, but omitted said Cook county real estate for the purpose of injuring and defrauding the creditors of John Fitzgerald, including complainants, and for the purpose of converting the same to her own use; that in May, 1891, one Edward P. Cagney, who was then a resident of Lincoln, Nebraska, died, and John Fitzgerald, the deceased, and the husband of Mary Fitzgerald, was appointed administrator of his estate in the county court of Lancaster county, Nebraska; that the only property said Cagney had at the time of his death was $20,000.00 life insurance, which money came into the hands of John Fitzgerald; that John Fitzgerald, as administrator of Cagney's estate, paid the debts of Cagney, amounting to about $1000.00; that in November, 1891, Mary Fitzgerald filed in the county court of Lancaster county, Nebraska, and asked for probate thereon, a document purporting to be the last will and testament of Cagney, in which she was named as the sole and only beneficiary of the estate of Cagney; that Cagney had lived for a number of years prior to his death at the home of Mary Fitzgerald, and was the book-keeper and confidential clerk of John Fitzgerald; that he was constantly in the society of Mrs. Fitzgerald, and that she had obtained and exercised an undue influence over his mind; that the document purporting to be the will of Cagney was dated February 18, 1891, but that, as a matter of fact, it was executed only a few days before the death of Cagney; that it was executed at the home of Mary Fitzgerald, and upon its face was null and void, as it had no attestation clause; that the

witnesses to the will were the brother and sister of Mary Fitzgerald; that they signed the will at the request of Mary Fitzgerald, and not at the request of Cagney; that for ten days or two weeks prior to his death Cagney was not in his right mind; that he was insane, and died from the effects of excessive drinking of spirituous liquors; that objections were filed to the probating of the will by certain of the heirs-at-law and next of kin of Cagney in the county court of Lancaster county, Nebraska; that these objections were never disposed of, but that Mary Fitzgerald paid the next of kin, who were poor people and ignorant of the law and had not been well advised, $1000.00, on, to-wit, May 21, 1893; that said county court admitted said document to probate as the last will and testament of Cagney, and that Mary Fitzgerald was appointed administratrix *de bonis non*, with the will annexed, of the estate of Cagney; that on September 29, 1895, Mary Fitzgerald, by petition in the matter of the estate of John Fitzgerald, asked the county court of Lancaster county, Nebraska, to appoint an administrator *ad litem* to represent the estate of John Fitzgerald in the matter of her claim as administratrix *de bonis non*, with will annexed, of the estate of Cagney; that on October 8, 1895, an order was entered in the said court appointing one of the court officers as administrator *ad litem* of John Fitzgerald, and a hearing was had on the claim of Mary Fitzgerald, as administratrix *de bonis non* of the Cagney estate, against the estate of John Fitzgerald, said alleged claim being for money due from John Fitzgerald, as administrator of the Cagney estate, to his wife, as administratrix *de bonis non*, etc., for which he had failed to account to her in his lifetime; that without any contest, and without notice to complainants or any other creditors, on November 9, 1895, the claim was allowed against the estate of Fitzgerald for over $23,000.00; that neither the complainants nor any other creditors had any notice of the hearing on said claim or any opportunity to con-

test the same; that it was impossible for Mary Fitzgerald, as administratrix *de bonis non*, with will annexed, of the Cagney estate, to procure a preference over any other creditors in the State of Nebraska, and that complainants ought not to be bound by the order of the court in allowing said claim in so far as it affects their rights; that Mary Fitzgerald, as soon as the said claim was allowed, knowing that the estate in Nebraska was insolvent, began scheming to convert the Cook county property to the satisfaction of her said false and fraudulent claim, and began negotiations with one Thomas P. Phillips, of Naperville, Illinois, and president of the First National Bank of Naperville, which said bank was a creditor of John Fitzgerald, and had filed its claim against the said estate in the county court of Lancaster county, Nebraska; that thereupon it was agreed between said Mary Fitzgerald and Phillips that the said Phillips should apply for letters of administration upon the estate in Cook county, and that as soon as letters were granted Mary Fitzgerald was to file her false and fraudulent claim as administratrix *de bonis non* of the Cagney estate, and Phillips was to consent to the allowance of the same as a preferred claim, and that the Cook county property was to be sold to pay the debts of said estate, and that upon the sale of the same Mary Fitzgerald was to bid in the property in satisfaction of her alleged preferred claim and for the benefit of herself and said First National Bank of Naperville; that upon February 17, 1896, upon the application of Phillips, he was appointed administrator of the estate in Cook county, and subsequently an inventory was filed showing that the only assets consisted of said real estate; that the claim of the First National Bank of Naperville was filed and allowed for over $5000.00 on May 11, 1896, Phillips consenting to the allowance of the same, and in November, 1896, Mary Fitzgerald, as administratrix *de bonis non*, with will annexed, of Edward P. Cagney, deceased, filed her claim

with Phillips, as administrator, for over $24,000.00, which claim, upon presentation of a certified copy of the order of the probate court of Lincoln, was allowed for over $24,000.00 as a claim of class 6; that the claim was allowed as a claim of class 6 solely upon the representation of Mary Fitzgerald that it was a preferred claim in the county court at Lincoln, which was entirely false; that the claim of Mary Fitzgerald, as administratrix *de bonis non*, with will annexed, of Edward P. Cagney, deceased, is fraudulent in its entire inception, from the execution of the document purporting to be the last will and testament to the allowance of said claim in the probate court of Cook county; that all orders entered have been procured by Mary Fitzgerald for the purpose of defrauding complainants and other creditors; that complainants had no knowledge of the claim of Mary Fitzgerald against the estate here, until a short time prior to the filing of their bill; that Cagney, prior to his death, was book-keeper and cashier for John Fitzgerald, and was largely indebted to John Fitzgerald, in an amount greatly in excess of $20,000.00, the amount of his said life insurance; that the rights of Mary Fitzgerald, as beneficiary under said will, (if said document was a will,) are subject to the debts of Cagney, and that there was, in fact, no indebtedness from John Fitzgerald to his wife, Mary Fitzgerald, of any kind or character; that John Fitzgerald, prior to his death, advanced large sums of money to Mary Fitzgerald at various times, and that Mary Fitzgerald is, in fact, largely indebted to the estate of John Fitzgerald, and was at the time of filing said claim; that the appointment of Phillips as administrator was brought about by Mary Fitzgerald solely for the purpose of procuring satisfaction of her false and fraudulent claim; that no steps were taken by Phillips or his attorneys to contest the claim, but, on the contrary, they consented to the allowance of said claim; that there is a secret agreement between said Phillips and Mary

Fitzgerald whereby Mary Fitzgerald is to subject the Cook county property to the payment of her false and fraudulent claim, and that after the property has been purchased by her she is to pay the claim of the First National Bank of Naperville; that said Phillips, in his petition for letters of administration, swore he was a creditor of said estate, but complainants say he is not a creditor, and that the estate of John Fitzgerald is not indebted to Phillips in any sum whatever; that the two years for filing claims have elapsed and Phillips has filed no claim; that the Cook county real estate is the only property, of any description, in the State of Illinois belonging to the estate of John Fitzgerald, and that it would be useless for complainants to file their claims in the probate court of Cook county, as the period of two years for filing claims expired on February 17, 1898, long before complainants knew of the fraudulent acts of Mrs. Fitzgerald; that Phillips never filed a claim against the estate of John Fitzgerald in the county court of Lincoln, and that the allegation in the petition of Phillips that he was a creditor is untrue, and was made for the purpose of assisting Mary Fitzgerald and the First National Bank of Naperville to convert the Cook county property to their own use and to the exclusion of the claims of complainants; that complainants and other creditors are intending to institute proceedings in the courts of Nebraska to set aside the order of the county court of Lancaster county allowing the claim of Mary Fitzgerald, as being a fraud upon the creditors of said estate, and that such proceedings would have been instituted long ago if the creditors had known the facts; that on the very day the claim of Mary Fitzgerald was allowed by the probate court of Cook county, Phillips, as administrator, filed a petition to sell the real estate to pay the debts, there being no personal property; that said petition was filed at the request of Mary Fitzgerald and in pursuance of her fraudulent design to convert the property to her own

use; that on February 17, 1897, a decree was entered authorizing the administrator to advertise and sell said property; that there is an understanding between Mary Fitzgerald and Phillips and the First National Bank of Naperville that Mary Fitzgerald is to bid in the property in satisfaction of her false and fraudulent claim of over $24,000 00, take the title to said property free and absolutely, and hold the same secretly for the benefit of herself, Phillips and said bank; that as soon as the two years for filing claims against said estate in Cook county, Illinois, had expired, Phillips, at the instigation of Mrs. Fitzgerald, advertised the real estate for sale under his decree entered in February, 1897; that Phillips and Mary Fitzgerald knew there were other creditors of the estate who were equally entitled to share with them in the proceeds of this Cook county property, but they secreted the same from said creditors, including complainants, and did not advertise the same until after the time for filing claims had expired; that the real estate is to be sold at public auction; that Mrs. Fitzgerald is contemplating bidding in said property in satisfaction of her said false and fraudulent claim, and that as soon as she has obtained the title to the property she will at once convey the same to an innocent third party, and so place said property out of the reach of the creditors of John Fitzgerald, including complainants; that complainants had no opportunity to contest any of the various orders which have been entered in said estate and are not bound by them; that said Mary Fitzgerald is a resident of Lincoln, Nebraska, and as administratrix of the estate of John Fitzgerald in that State she occupied a position of trust and sustained a fiduciary relation to complainants; that she alone had knowledge of the property located in Cook county, Illinois, and that as such trustee it was entirely inequitable, unjust, fraudulent and unlawful to conceal said property from the complainants, and while holding such position of trust come into the courts of

Illinois and endeavor to convert the property here to the payment of her false and fraudulent claim as administratrix *de bonis non*, with will annexed, of the estate of Cagney; that the claim of the First National Bank of Naperville was filed in the county court of Lancaster county, Nebraska, and allowed, and that said bank has submitted to the jurisdiction of that court as well as complainants, and that the county court of Lancaster county, Nebraska, is the proper court in which should be administered the proceeds of the sale of the property in Illinois; that unless the property here is subjected to the payment of the claims of creditors, but little, if anything, will be paid the general creditors, including complainants.

"The bill makes the appellees, Thomas P. Phillips, administrator of the estate of John Fitzgerald in the State of Illinois, Mary Fitzgerald individually, as administratrix of the estate of John Fitzgerald in Nebraska, and as administratrix *de bonis non*, with will annexed, of the estate of Edward P. Cagney, deceased, the First National Bank of Naperville, and the children of Mary and John Fitzgerald, (some of them being minors,) parties defendant, and prays that they answer the bill, and that Phillips be restrained from making the sale of the Cook county real estate, or turning over to Mary Fitzgerald the proceeds of the sale of said real estate or paying the claim of the First National Bank of Naperville; that the order of the county court granting administration to Phillips be revoked, and that the entire administration of said estate be set aside and held for naught and that all proceedings in the probate court be declared void; that the real estate be declared to belong to the estate of John Fitzgerald for the benefit of the *bona fide* creditors; that a receiver be appointed to take charge of the estate and administer the same under the direction of the court, and for general equitable relief, etc."

The amended bill, as above set forth, was demurred to by the defendants. Upon a hearing in the superior

189—2

court of Cook county, where the bill was filed, the de-
murrers were sustained. The complainants below, ap-
pellants here, elected to stand by their amended bill,
and thereupon the court ordered that the amended bill
be dismissed for want of equity at the costs of complain-
ants, and that the defendants below, appellees here, have
judgment for their costs. An appeal was taken from the
decree of the superior court, sustaining the demurrers
and dismissing the bill to the Appellate Court, and the
Appellate Court has entered a judgment, affirming the
decree of the superior court. The present appeal is prose-
cuted from the judgment of affirmance, so entered by the
Appellate Court.

ALDEN, LATHAM & YOUNG, for appellants.

H. H. GOODRICH, and M. SLUSSER, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

This is a bill, filed by the appellants, who are non-
resident creditors of the estate of one John Fitzgerald,
deceased, for the purpose of setting aside as fraudulent
the claim of Mary Fitzgerald, administratrix *de bonis non*
with the will annexed of the estate of Edward P. Cagney,
deceased, which claim had been allowed by the probate
court of Cook county against the estate of John Fitzger-
ald for the sum of $24,156.10 as of class 6, and for the
further purpose of removing the administration of the
estate of John Fitzgerald, deceased, from the probate
court of Cook county to the superior court of Cook county,
for the appointment of a receiver to administer the es-
tate, and for an injunction restraining the administrator,
one of the appellees herein, from prosecuting the sale
of the real estate of John Fitzgerald, deceased, under an
order of the probate court, directing its sale by the ad-
ministrator for the purpose of raising money to pay debts,
and for general equitable relief.

The question is whether the bill presents such a case, as justifies a court of chancery in granting the relief asked for by the amended bill. That is to say, the question presented is, whether, under the circumstances detailed in the amended bill, a court of equity has jurisdiction to take the administration of this estate out of the hands of the probate court, and enjoin the sale of the real estate already ordered by the probate court.

*First*—The creditors, filing this bill, have never presented their claims to the probate court of Cook county, or procured the same to be allowed by that court. They are mere contract creditors, who have not reduced their claims to judgment, and seek, as simple contract creditors, to prevent an alleged fraudulent disposition of real property, or of the proceeds of sale of such real property. Ordinarily, a party, having a claim against the estate of a deceased person, has a remedy at law by filing his claim in the probate court against the estate. This remedy it is his duty to pursue. He cannot in the first instance file a bill to enforce the payment of his claim against the estate. Inasmuch as the statute has thus pointed out a legal remedy for the enforcement of the claim, a court of equity will not assume jurisdiction over it, except in extraordinary cases where the remedy afforded by the statute is inadequate. It is the settled law of this State, that a court of equity will not assume jurisdiction in such cases, until the claimant has exhibited his claim, and had it allowed in the probate or county court, and, then, if any special reasons, that may be deemed sufficient, can be assigned why the probate or county court may not afford the requisite relief, equity will assist him, but not otherwise. (*Harris* v. *Douglas*, 64 Ill. 466; *Blanchard* v. *Williamson*, 70 id. 647; *Winslow* v. *Leland*, 128 id. 304; *Goodman* v. *Kopperl*, 169 id. 136; *Elting* v. *First Nat. Bank*, 173 id. 368; *Houston* v. *Maddux*, 179 id. 377). In the case of *Goodman* v. *Kopperl*, *supra*, we said: "There are no instances, in which resort to a court of equity has been recognized

under our later decisions before the claim of the creditor has been allowed against the estate by the probate court. Then, if special reasons exist why that court cannot afford relief, the creditor may call on a court of equity to aid him to secure such relief, but not otherwise;" and a large number of prior decisions in this court are there recited in support of the conclusion thus announced.

It is true, that the three foreign creditors, who filed the bill in this case, filed their claims in the county court of the county of Lancaster in the State of Nebraska, where John Fitzgerald lived when he died. The appellants, Moses Lederer and Alexander Strauss, co-partners doing business as Lederer & Strauss, who reside in Des-Moines in the State of Iowa, filed their claim in the county court of Lancaster county in the State of Nebraska, and the same was there allowed on June 29, 1895, for the sum of $5869.00, with interest from March 20, 1895, together with costs of suit, and the judgment in their favor has never been appealed from. The appellant, the First National Bank of Chariton, a resident and citizen of Chariton in the State of Iowa, filed its claim in the said county court of Lancaster county, Nebraska, for the sum of $5000.00, and interest from May 29, 1893, and the same was there allowed against the estate of said John Fitzgerald; but it appears that objections were filed to said claim, and an appeal from the order, allowing the same, was taken by Mary Fitzgerald, as administratrix of the estate of John Fitzgerald, deceased, to the district court in and for the county of Lancaster, in the State of Nebraska, which appeal is still pending and undetermined. The third appellant, S. H. Mallory, also a resident of Chariton county in the State of Iowa, filed his claim in the county court of the county of Lancaster in Nebraska on August 16, 1895, and objections to the allowance of the same were filed by the administratrix, which objections were sustained, and the claim of the appellant, Mallory, was disallowed by the county court

of Lancaster county, Nebraska. It thus appears that, although the claim of the First National Bank of Chariton, Iowa, was allowed by the county court of Lancaster county, Nebraska, an appeal was taken from such judgment of allowance, and is still pending in that State; and it further appears that the claim of the appellant, Mallory, was disallowed by the county court of Lancaster county, Nebraska, and, although Mallory took an appeal from such judgment of disallowance, such appeal is still pending. The appellant, Alexander Strauss, surviving partner of the firm of Lederer & Strauss, is the only one of the appellants, whose claim has been allowed by the county court of Lancaster county, Nebraska, and stands, as thus allowed, without appeal. But whether one or all of the claims of these non-resident creditors were allowed in the State of Nebraska, they occupy the position of mere contract creditors in this State, unless their claims have been allowed by the probate court of Cook county. A creditor, whose claim has been allowed against the estate of a deceased person in another State, is not regarded as a judgment creditor in this State for the purpose of invoking the aid of a court of chancery, unless his claim has also been presented and allowed by a probate court in this State.

"A judgment against an administrator in one State is no evidence of indebtedness against another administrator of the same decedent in another State, for the purpose of affecting assets received by the latter under his administration." (*Rosenthal* v. *Renick*, 44 Ill. 202; *Elting* v. *First Nat. Bank, supra*). In *McGarvey* v. *Darnall*, 134 Ill. 367, we held that a judgment against an administrator in one State is not competent testimony to show a right of action against either a domiciliary or an ancillary administrator in another State, or to affect the assets in such other State. Again, in *Smith* v. *Goodrich*, 167 Ill. 46, where it appeared that a claim had been allowed by the superior court of Santa Clara county, in California, against

an administratrix there, it was held that such allowance did not create any liability against the administrator of the estate in Illinois, and in the latter case we said (p. 51): "Administration here by a different representation was not dependent on the administration in that jurisdiction. There is no privity between the administrators. A judgment against the administratrix in California is not competent evidence to show a right of action against either a domiciliary or ancillary administrator here, and cannot affect the assets of the estate here. * * * Neither does the filing of the transcript of that judgment, with the note on which it was based, with the county clerk of Macon county in this State, constitute a judgment, but, following the statute, the appellee had a complete remedy at law for procuring judgment on her claim." In *Smith* v. *Goodrich, supra,* we also said: "This proceeding seeks to reach the proceeds of real estate. It is, in fact, a proceeding against the land itself without a judgment at law, and is a resort to chancery on a simple contract indebtedness. This cannot be done where the law provides a remedy. * * * The contention of appellee, that a court of chancery has jurisdiction without reference to a judgment of the probate court allowing her claim, cannot be sustained." The same doctrine was held in the case of *Smith* v. *Smith,* 174 Ill. 52.

We are, therefore, of the opinion that the superior court of Cook county had no jurisdiction to entertain this bill, upon the ground that the creditors filing it had never procured their claims against the estate of John Fitzgerald to be allowed by the probate court of Cook county.

*Second—*But appellants, while admitting the general rule that, before a creditor can complain in a court of equity, he must reduce his claim against an estate to judgment by having the same allowed in the probate court, contend that, if special reasons, which may be deemed sufficient, can be assigned why the probate court

cannot afford the requisite relief, equity will assist the creditor; and it is contended, that the bill in this case sets up and shows such special reasons for the interposition of a court of equity. The first reason insisted upon by the appellants, as justifying their resort to equity, is that the two years, allowed by the statute for filing claims in the probate court, had passed when the original bill in this case was filed on March 25, 1898, and that, for that reason, it was impossible for them to obtain judgments, allowing their claims against the estate. Section 70 of the act in regard to administration of estates provides, that all demands, not exhibited within two years, shall be forever barred, except as against subsequently discovered estate, not inventoried or accounted for by the executor or administrator. (1 Starr & Curt. Ann. Stat. —2d ed.—p. 302). In regard to this statute we said, in *Roberts* v. *Flatt*, 142 Ill. 485, "that, although the administrator may be informed of the existence of a claim, and may state to the court that a certain debt is outstanding, with a view to lay a foundation to institute proceedings to sell land to pay debts, still these facts will not relieve the creditor of the duty of filing his claim in the county court for adjustment, if he desires to prevent the running of the statute." In *Snydacker* v. *Swan Land Co.* 154 Ill. 220, we said: "It has been uniformly held that claims, not presented within two years, can only be paid out of subsequently discovered estate, not inventoried or accounted for." The mere fact, that the two years have expired, within which the statute requires a claim to be filed against an estate in the probate court, does not justify the holder of such claim in resorting to a court of equity for relief. It was so held in *Hamilton* v. *Downer*, 152 Ill. 651, where this court said (p. 654): "Jane Downer had a complete and ample remedy at law for the enforcement of such charge, by filing her claim in the probate court, and having it allowed against the estate of the deceased. If it has ceased to be a charge through her

failure to pursue in due time the remedy given by the statute, a court of equity will render her no assistance;" and a number of decisions are there referred to sustaining the doctrine so announced.

It is said that Mrs. Fitzgerald, the administratrix of her husband's estate in the State of Nebraska, when she filed an inventory of her husband's assets in said county court of Lancaster county, Nebraska, omitted to mention therein the real estate, owned by him in the State of Illinois. If the administratrix failed to file a full inventory of the estate in Nebraska, that was a matter coming within the jurisdiction of the court in that State. As an administratrix, appointed in that State, she was subject to the control there of the court appointing her. The appellee, Thomas P. Phillips, was appointed administrator of John Fitzgerald, deceased, by the probate court of Cook county, and, under section 60 of the act in regard to the administration of estates in this State, he was required to give notice to all creditors to come in and file their claims against the estate within a certain time. In this case, the Illinois administrator gave such notice, nor was he obliged to give any other notice than that specified in the statute. There is nothing in the statute, which excuses creditors from filing their claims, upon the alleged ground that they did not know that notice was given within the period of limitation, prescribed by the statute. If creditors could excuse themselves for failing to file their claims within two years, and go into a court of chancery in order to assert their rights, then the fixing of a limitation by the statute would be a vain and useless provision.

It is said, however, that the claim of Mrs. Fitzgerald as administratrix *de bonis non* with the will annexed of the estate of Edward P. Cagney, deceased, which has been allowed by the probate court of Cook county, is a fraudulent claim, and that the real estate of the deceased John Fitzgerald in Cook county should not have been or-

dered to be sold for the payment of the claim, so alleged to be fraudulent. It is conceded that John Fitzgerald had no personal property in the State of Illinois. The First National Bank of Naperville, Illinois, filed a claim in the probate court of Cook county, and said claim to the amount of $5121.11 was allowed by the probate court of Cook county on May 11, 1896. It is not denied, that this claim of the First National Bank of Naperville is a just and valid claim and was properly allowed. The sale of the real estate was, therefore, necessary for the purpose of paying this claim. But, if the claim allowed in favor of Mrs. Fitzgerald, as such administratrix *de bonis non*, etc., was fraudulent, the probate court had full power, upon the fact being represented to it, to set aside and disallow such claim. In the adjustment of the accounts of executors, administrators, and guardians, the county court has equitable jurisdiction, and may adopt equitable procedure. (*Millard* v. *Harris*, 119 Ill. 185). In *Schlink* v. *Maxton*, 153 Ill. 447, it was held that the county court, sitting as a probate court, is a court of general and unlimited jurisdiction in matters of administration; and, in the settlement of the estates of deceased persons, it exercises an equitable jurisdiction peculiar to its organization and modes of proceeding; and, in that case, it was said that the county court, in the exercise of such equitable jurisdiction, may, on motion, at a subsequent term, set aside its own order, allowing a claim against an estate, if mistake or fraud has intervened. In *Shepard* v. *Speer*, 140 Ill. 238, it was held that a bill in equity could not be maintained by an administrator of an estate for the purpose of determining what disposition should be made of the funds in his hands, or what creditor should receive the fund he held for distribution; and it was there said that the court of probate has ample jurisdiction to settle all questions, relating to the settlement and distribution of estates. Whether or not, therefore, in case the sale of the real estate, ordered by the probate

court of Cook county, should be completed, the funds
should properly be appropriated to the payment of the
claim of Mrs. Fitzgerald, is a matter to be determined
by the probate court, and not by a court of chancery.
To the same effect also is *Spencer* v. *Boardman*, 118 Ill. 553.

It is further urged by the complainants that the ap-
pellee, Phillips, procured his appointment as adminis-
trator of John Fitzgerald's estate by representing to the
probate court that he was a creditor of the estate, when
he was not a creditor. It appears that Phillips was in-
terested in, and was the president of, the First National
Bank of Naperville, Illinois, which was a creditor of the
estate. But, without saying that his relations to the
creditor bank were such as to justify him in claiming
himself to be a creditor, we think it was a matter for the
probate court to determine, whether or not he had pro-
cured his own appointment by improper means. Section
26 of the act in regard to the administration of estates
provides, that "county courts shall revoke letters of ad-
ministration in all cases where the same were granted
to any person upon the false and fraudulent pretense of
being a creditor of the estate upon which administration
is granted, or upon any other false pretense whatever."
(1 Starr & Cur. Ann. Stat.—2d ed.—p. 281.) If, therefore,
the appellee, Phillips, procured letters of administration
to be granted to him upon the estate of John Fitzgerald
upon the false and fraudulent pretense of being a cred-
itor of the estate, the probate court had full power to
revoke his letters of administration. In *Winslow* v. *Leland*,
128 Ill. 304, we said (p. 342): "The county court has ample
power to compel an administrator to proceed properly
and faithfully in the discharge of his duties. If he has
made mistakes it has power to correct them. If he has
been guilty of fraud, or has wasted the estate, or has
shown himself incompetent, or an improper person to
conduct the administration, the court has power to call
him to account, or to remove him and appoint another

and suitable person in his place." The charge, then, that the appellee, Phillips, procured his appointment by representing that he was a creditor of the estate when he was not, is not of itself sufficient to justify the interposition of a court of equity, inasmuch as the probate court had full power to deal with the administrator in reference to this matter.

By this bill a court of chancery is asked to take possession of the estate of John Fitzgerald through the instrumentality of a receiver, and distribute the same, or the proceeds thereof, to those entitled to them. The real purpose of the bill in this case is to draw to the court of chancery the administration of the estate of the deceased. While this court has said in a number of cases, that a court of chancery may, in the exercise of its general jurisdiction, take upon itself the administration of an estate, yet it has always, at the same time, been said that it will not do so, except in extraordinary cases. "It is well settled that a court of chancery will not, except in extraordinary cases, supersede the probate court in the administration of an estate. * * * To maintain the present bill would be to deprive the probate court of all further power and jurisdiction over the estate." (*Harding* v. *Shepard*, 107 Ill. 264; *Shepard* v. *Speer*, *supra*). We fail to discover, that any such extraordinary circumstances are shown by the allegations of the present bill, as would justify a court of chancery thus to supersede the probate court in the administration of the estate here involved.

For the reasons above stated, we are of the opinion that the superior court of Cook county decided correctly in sustaining the demurrers to the bill and dismissing the same, and that the Appellate Court, in affirming the judgment of the superior court, has also made a proper decision.

Accordingly, the judgment of the Appellate Court is affirmed.                                    *Judgment affirmed.*