ESTATE OF GILLEN: CLAUSEN, Respondent, vs. GILLEN, Administrator, Appellant.

*March 6—April 2, 1919.*

*Claims against decedents: Presentation: Time limited: Allowance: Promissory notes: Counterclaim and judgment thereon in federal court: Evidence.*

1. A claim against a decedent, based on notes given by him, was seasonably presented to the county court. The administrator objected to it on the ground that an action by the decedent involving the notes was pending in a federal court and, upon leave, had such action revived in his name. Subsequently, after the time limited for filing claims against the decedent, the claimant filed an amended answer in the federal court in which, for the first time, he set up the notes as a counter-claim. Judgment in that court was rendered against the administrator on the notes, and thereafter the county court, without further proof than a copy of that judgment, allowed the claim at the amount fixed by the judgment. *Held,* that the claim, being upon the notes and not upon the judgment and having been duly filed, never became barred.

2. The claim on the notes, not being barred, was properly interposed as a counterclaim in the federal court after the revival of the action.

3. The judgment in the federal court was conclusive proof as to the validity of the notes and the amount due thereon.

4. Such judgment was not a new or independent claim to be allowed in the county court, but was merely an evidentiary fact in support of the original claim on the notes. *Fields v. Estate of Mundy,* 106 Wis. 383, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court affirming an order of the county court allowing a claim against the estate of Frederick C. Gillen, deceased.

The facts are simple. Frederick C. Gillen in March and April, 1915, executed and delivered to the claimant certain notes aggregating over $3,800. In May following he commenced an action in the United States district court at Chicago against *Clausen* and others to obtain the cancellation of the notes and the surrender of certain collaterals which accompanied the notes, on the ground that he was induced to execute and deliver the same by fraud, and obtained an injunctional order restraining the transfer of the collateral. The defendants answered denying the fraud, and before the case came to trial and on September 3, 1915, Frederick C. Gillen died. His estate was probated in the Milwaukee county court, the appellant was appointed and duly qualified as administrator, and an order was made limiting the time for filing of claims to May 1, 1916. On February 4, 1916, *Clausen* filed his claim setting forth the notes aforesaid, to which the administrator afterwards filed objections on the ground of the pendency of the action in the federal court "involving this account." In April, 1916, the administrator obtained leave of the county court to revive the Chicago action and prosecute the same, pursuant to which order he was substituted as plaintiff in that action, and on November 28, 1916, *Clausen* filed an amended answer in said action, setting up as a counterclaim for the first time the notes aforesaid. February 1, 1917, said action came on for trial, and on the plaintiff's motion his bill of complaint was dismissed and the cause came on for trial on the counterclaim. The defendant introduced his proofs and judgment was rendered against the administrator for the full amount of the notes and interest, the same to be paid in the due course of the administration of the estate. Thereafter the claimant ob-

tained leave of the county court of Milwaukee county to amend his claim, setting up the said judgment and attaching a duly authenticated copy of the judgment. The amendment was allowed, and the court allowed the claim at the same amount as allowed by the Chicago court without further proof except the aforesaid copy of the Chicago judgment. Thereupon the administrator appealed to the circuit court, which affirmed the order of allowance.

For the appellant there was a brief by *Rix & Barney,* attorneys, and *David A. Sondel,* of counsel, all of Milwaukee, and oral argument by *Carl B. Rix.*

*L. M. Jeger,* attorney, and *Andrew Hummeland,* of counsel, both of Milwaukee, for the respondent.

Winslow, C. J. The appellant's contention is that the respondent's claim was barred by sec. 3844, Stats., which bars every claim against a deceased person not presented to the court within the time limited for that purpose. The argument is that the time limited by the probate court was May 1, 1916, and that the counterclaim on the notes in the Chicago action was not interposed until November 16th, consequently it was barred by the statute, and no judgment thereafter rendered could constitute a claim proper to be allowed in the probate court in this state. In support of this position reliance is placed on *Fields v. Estate of Mundy,* 106 Wis. 383, 82 N. W. 343.

The contention must fail for these plain reasons:

1. The claim is upon the notes, not upon the judgment. This claim was confessedly filed in the probate court within the time limited by law and hence never became barred.

2. The claim on the notes not being barred, it could properly be interposed as a counterclaim in the action in the federal court after the administrator had revived such action. Sec. 3847, Stats. In fact, the new equity rules of the federal courts *require* that it should be so presented. Rule 30, 3 Foster, Fed. Prac. (5th ed.) p. 2867.

3. The judgment rendered in that action settled the rights of the parties as to the matters litigated therein and thus became conclusive proof as to the validity of the notes and the amount due thereon.

4. The judgment was not a new or independent claim, but simply an evidentiary fact in support of the original claim on the notes which had been filed in due time, hence such decisions as *Fields v. Estate of Mundy, supra,* have no application.

*By the Court.*—Judgment affirmed.

KERWIN and ROSENBERRY, JJ., took no part.