### REILY v. HARE. (No. 760–4358.).

(Commission of Appeals of Texas, Section A. Feb. 17, 1926.)

1. **Executors and administrators ⟨⟩241—Claim against estate, approved by executor and allowed by probate court, operates only on assets belonging to estate over which court has jurisdiction.**

Claim against estate, approved by executor and allowed by probate court, does not constitute a personal judgment against executor, but operates only on assets belonging to estate over which court has jurisdiction.

2. **Courts ⟨⟩17 — Probate court of foreign state had no jurisdiction over assets in hands of administrator, appointed by state probate court, though assets were part of same estate.**

Probate court of one state has no jurisdiction over assets in hands of administrator, appointed by probate court of another, though such assets were part of estate of same person.

3. **Judgment ⟨⟩822(1) — Foreign judgment against foreign executor held not conclusive in action against Texas administrator (Rev. Laws Okl. 1910, § 6350).**

Judgment of foreign state court against foreign executor for attorney's fees *held* not conclusive, in view of Rev. Laws Okl. 1910, § 6350, in attorney's action in Texas against administrator of estate appointed in Texas.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by F. H. Reily against Silas Hare, administrator. Judgment for plaintiff in the Court of Civil Appeals was reversed and remanded in 269 S. W. 473, and plaintiff brings error. Affirmed.

J. R. Wood and Head, Dillard, Smith, Maxey & Head, all of Sherman, for plaintiff in error.

J. H. Wood and O. D. McReynolds, both of Sherman, for defendant in error.

BISHOP, J. This is a suit by F. H. Reily, plaintiff in error, against Silas Hare, administrator of the estate of Samuel Bailey, deceased, originating in the district court of Grayson county. In his petition upon which trial was had, he alleged that Silas Hare is the legally appointed, qualified, and acting administrator of the estate of Samuel Bailey, who died September 24, 1912, in Pottawatomie county, state of Oklahoma; that at the time of Bailey's death he had a small amount of property in the state of Oklahoma, and approximately $55,000 in cash on time deposit in the State National Bank in the city of Denison, Grayson county, Tex., which constituted his estate; that he executed his will, naming B. F. Hamilton, resident of the state of Oklahoma, executor; that after his death his will was admitted to probate in the state of Oklahoma, and Hamilton was by the probate court in that state appointed, and duly qualified, as executor; that Silas Hare was appointed administrator of said estate in Grayson county, Tex.; that in January, 1923, Reily instituted suit in the district court of Pottawatomie county, Okl., against B. F. Hamilton as executor, for his fees accruing by virtue of his services to said Hamilton as executor of said estate as an attorney at law; that Hamilton was duly served with process in said suit and appeared therein, and on January 20, 1923, judgment was rendered by said court in favor of plaintiff in error against B. F. Hamilton, executor of said estate, for the sum of $6,000, with 6 per cent. interest; that said estate being administered in Pottawatomie county, Okl., was insolvent, and that B. F. Hamilton had no funds or property belonging to the estate with which to pay the judgment, but that Silas Hare, as administrator of said estate in the county of Grayson, state of Texas, did have funds and money belonging to said estate in his hands more than sufficient to pay this judgment; and that a copy of said judgment, as a claim against said estate, duly verified as required by law, had been duly presented to Silas Hare, administrator of said estate, for allowance, and was by him rejected. In his petition, Reily prayed that he have judgment for his debt evidenced by the judgment of the district court of Oklahoma as his claim.

Defendant in error, Silas Hare, administrator, made answer to this petition by general demurrer and special exceptions, which were overruled. He also interposed general denial and special pleas.

The plaintiff in error introduced in evidence: (a) A copy of the order of the probate court of Pottawatomie county, Okl., probating the will and appointing Hamilton executor, his oath and bond, letters testamentary issued to him, and his oath qualifying as executor; (b) the petition in the suit of F. H. Reily against B. F. Hamilton, executor of the estate of Samuel Bailey, deceased, in the district court of Pottawatomie county, Okl., on his claim for attorney's fees, together with waiver of service by Hamilton, and his agreement that the cause might be heard by the court at any time, and the decree of said district court entered on the same day the peti-

tion and waiver were filed, establishing Reily's claim in the sum of $6,000; (c) the order of the district court of Grayson county, Tex., appointing Silas Hare permanent administrator of the estate of Samuel Bailey, deceased, which was certified to the county court of Grayson county for observance, together with bond and oath showing qualification as such administrator, and evidence showing that said administration was still pending in the probate court of Grayson county, Tex.

On this petition and evidence, the district court rendered judgment in favor of Reily, plaintiff in error, holding that the judgment of the district court of Pottawatomie county, Okl., obtained by Reily against Hamilton as executor, was conclusive, notwithstanding defendant in error may have had a perfect defense to Reily's claim for attorney's fees at and prior to the time of its rendition, and rendered judgment for Reily against Hamilton as administrator for the amount of the Oklahoma judgment. The Court of Civil Appeals reversed this judgment, and remanded the cause, holding that the judgment rendered by the district court of Pottawatomie county, Okl., in favor of Reily against the executor, Hamilton, was not conclusive against Hare as administrator of the estate in Texas, and that Reily could not here maintain his suit solely on the judgment rendered by the Oklahoma district court. 269 S. W. 473. The question here presented is whether the Court of Civil Appeals is correct in this holding. If it is, all other assignments become immaterial.

[1, 2] In the administration of the estate of a deceased person, the purpose of the presentation and allowance of a claim is to establish same in order that the executor or administrator may be required to pay the amount thereof from the assets in his hands. When the claim is approved by the executor or administrator and allowed by the probate court, the action of the court does not have the effect of a personal judgment as against the executor or administrator, but operates only on the assets belonging to the estate over which the court has jurisdiction. The probate court in the state of Oklahoma had no jurisdiction over the assets in the hands of the administrator appointed by the probate court in the state of Texas, though such assets are part of the same estate as that the Oklahoma court is administering. The estate is the same, but the assets over which the two courts have jurisdiction are different. The approval of the claim by the Oklahoma court is in no way binding on the Texas court.

[3] The only force and effect the judgment here sued on had in the state of Oklahoma was to establish the claim as a charge against the assets, if any, in the hands of Hamilton belonging to the Bailey estate. This judgment, when given full faith and credit, cannot have any force and effect over the assets of the estate in the hands of Silas Hare, the administrator in Texas. While there may be, and is, such privity between the executor in Oklahoma and the administrator in the state of Texas as would permit the attorney employed by the former to present his claim for attorney's fees to the latter for the purpose of having same allowed as a charge against the assets of the estate in the hands of the latter, and while he had the right, in case such claim was refused, to institute suit in the proper court in Texas to establish his claim as a charge against such assets (Pendleton v. Hare [Tex. Com. App.] 231 S. W. 334), he had no right to sue on a judgment rendered in Oklahoma which had no effect other than to establish a claim against the assets in the hands of the executor in that state, and recover on the theory that such judgment is binding on the Texas courts. If he has a valid claim, he may establish it here. While there is privity between the executor and administrator, there is no privity between the courts of the two states in regard to the separate and distinct assets of the estate over which each has exclusive jurisdiction. The Oklahoma court had no jurisdiction to establish the claim for attorney's fees as a charge against the assets in the hands of the Texas administrator, and thereby bind the courts of this state. Had the judgment here sued on purported to do so, it would in that respect have been void. The statutes of the state of Oklahoma recognize this, for section 6350 of the statutes of that state (Rev. Laws 1910), pleaded by defendant in error in his answer, is:

"Sec. 6350. A judgment rendered against an executor or administrator, in the district court or before a magistrate, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator, and the judge of the county court, and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due. A certified transcript of the judgment must be filed in the county court. No execution must issue upon such judgment, nor shall it create any lien upon the property of the estate, or give to the judgment creditor any priority of payment."

This holding is fully sustained by the text in 24 C. J. pp. 1124 and 1125, § 2696, and authorities there cited. The text is:

"The fact that a claim has been presented and allowed or disallowed in the jurisdiction of the domiciliary administration is no bar to its allowance in the ancillary jurisdiction; and conversely an allowance of a claim by a court of one jurisdiction is not conclusive upon a personal representative in another jurisdiction, or even evidence in such jurisdiction of the debt on which the claim was based."

See, also, Richards v. Blaisdell, 106 P. 732, 12 Cal. App. 101; Strauss v. Phillips, 59 N. E. 560, 189 Ill. 9; In re Eaton, 178 N. Y. S. 825,

108 Misc. Rep. 590; Johnston v. McKinnon, 29 So. 696, 129 Ala. 223; Smith v. Goodrich, 47 N. E. 316, 167 Ill. 46; Creswell v. Slack, 26 N. W. 42, 68 Iowa, 110; Fields v. Mundy, 82 N. W. 343, 106 Wis. 383, 80 Am. St. Rep. 39.

We also quote at length from the case of Richards v. Blaisdell, supra, as follows:

"Independent of the effect of the exception in the section, which restricts the jurisdiction of executors and administrators to the territory of the government which invested them with authority, it appears to be the settled rule that the allowance of a claim by an administrator in one jurisdiction is not only not conclusive against an administrator in another, but it is not even evidence. The laws and courts of a state can only affect persons and things within their jurisdiction. Consequently, both as to the administrator and the property confided to him, a judgment in another state is res inter alios acta. It cannot be even prima facie evidence of a debt, for if it have any effect at all it must be as a judgment, and operate by way of estoppel. And this is true whether the person appointed administrator be the same or a different person in both jurisdictions, and is true also in an action against any other person having assets of the deceased in a jurisdiction other than that in which the letters were granted. Cherry v. Speight, 28 Tex. 503, 516; McLean v. Meek, 18 How. 16, 15 L. Ed. 277; Johnson v. Powers, 11 S. Ct. 525, 139 U. S. 156, 159, 35 L. Ed. 112; Stacy v. Thrasher, 6 How. 44, 61, 12 L. Ed. 337.

"In Stacy v. Thrasher the United States Supreme Court considers the question of how the 'faith and credit' clause of the Constitution of the United States and act of Congress are affected by such a construction, and says: 'The answer is that it (the foreign allowance of, or judgment against, an administrator) is evidence, and conclusive by way of estoppel, first, between the same parties; second, privies; and on the same matter where the proceeding is in rem. But the parties to these judgments are not the same. Neither are they privies. The term "privity" denotes mutual succession or relationship to the same rights of property.' The argument to sustain the view of privity seems to be this: 'That the judgment against the administrator is against the estate of the intestate, and that his estate, wheresoever situate, is liable to pay his debts; therefore the plaintiff having once established his claim against the estate by the judgment of a court should not be called on to make proof of it again. This argument assumes that the judgment is in rem and not in personam, or that the estate has a sort of corporate entity and unity. But this is not true either in fact or in legal construction. The judgment is against the person of the administrator, that he shall pay the debt of the intestate out of the funds committed to his care. If there be another administrator in another state, liable to pay the same debt, he may be subjected to a like judgment upon the same demand, but the assets in his hands cannot be affected by a judgment to which he is personally a stranger. A judgment may have the "effect" of a lien upon all the defendant's lands in the state where it is rendered, yet it cannot

have that effect on lands in another state by virtue of the faith and credit given to it by the Constitution and act of Congress.'

"The Massachusetts court says the doctrine of the Supreme Court of the United States appears to be that there is no privity between executors or administrators appointed in different jurisdictions, and the only exception is in the case where executors are appointed in different states by the same will. To support the exception, the case of Hill v. Tucker, 13 How. 458, 14 L. Ed. 223, which is relied upon by respondent here, is cited. Considering the question here before us and applying to it that which it declares to be the general rule of the United States court to a judgment obtained against an ancillary administrator with the will annexed in Vermont, which it was sought to enforce against the executor of the domicile holding letters in Massachusetts, the Supreme Court of the latter state says: 'But it is said that they are in privity with the testator and that this creates a privity of estate between them. It is true that the executor is in privity with the testator in respect to the estate which he takes, which is merely the estate in Massachusetts and within the jurisdiction of its courts; and the administrator is in privity with the testator in respect to the estate in Vermont which he can administer upon. But as the privity relates to different property and different matters and is limited to different jurisdictions, it does not aid the plaintiff. There is no privity between the estate in the hands of the executor and that in the hands of the administrator.' Low v. Bartlett, 8 Allen [Mass.] 259."

We think the holding in the case of Cherry v. Speight, 28 Tex. 503, is controlling here. In its opinion in that case the court says:

"This judgment was given after Pruitt's death, is against his administrator in the state of Mississippi, and, as it is not alleged that any assets which were in his hands have come into appellee's possession, it cannot be made the foundation of an action to charge appellee as the personal representative of Pruitt in this state. Jones v. Jones, 15 Tex. 463 [65 Am. Dec. 174]; Stacy v. Thrasher, 6 How. 44 [12 L. Ed. 337]; McFearn [McLean] et al. v. Meek, 18 How. 44 [16]; Lightfoot [Brodie] v. Berkley [Bickley] 2 Rawle, 431."

As the judgment rendered by the trial court in this case is on a cause of action based solely on the judgment rendered by the district court of the state of Oklahoma, it should be reversed. The plaintiff in error on another trial will be required to establish his claim for attorney's fees, and his cause of action based on this claim will be subject to all legal defenses which defendant in error may urge.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.